IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNIVERSITY OF KANSAS ) <br> CENTER FOR RESEARCH, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> represented by the DEPARTMENT OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> by and through its agents the NATIONAL ) <br> INSTITUTES OF HEALTH and the ) <br> NATIONAL CANCER INSTITUTE, ) <br> ) <br> Defendant. ) | No. 08-cv-02565 JAR/DJW <br><br> Judge Julie A. Robinson |

### DEFENDANT'S ANSWER

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, the United States ("Defendant") hereby answers the averments made in each of the numbered paragraphs of the Amended Complaint filed on January 28, 2009. Upon current information and belief, all averments of the Amended Complaint are denied except to the extent expressly admitted below.

### I. NATURE OF THE ACTION

1. Defendant admits the averments in paragraph 1 of the Complaint.

2. Defendant admits the averments in paragraph 2 of the Complaint.

## II.   JURISDICTION AND VENUE

3. With respect to paragraph 3 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1346; 5 U.S.C. §§ 702, 704, and 706; and 28 U.S.C. §§ 2201 and 2202.  Defendant denies the remaining averments.

4. Defendant admits the averments in paragraph 4 of the Complaint.

5. Defendant admits the averments in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

## III.   PARTIES

7. With respect to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

8. With respect to paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

9. With respect to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

10. Defendant admits the averments in paragraph 10 of the Complaint.

11. Defendant admits the averments in paragraph 11 of the Complaint.

12. Defendant admits the averments in paragraph 12 of the Complaint.

13. Defendant admits the averments in paragraph 13 of the Complaint.

14. Defendant admits the averments in paragraph 14 of the Complaint.

15. Defendant admits the averments in paragraph 15 of the Complaint.

16. Defendant admits the averments in paragraph 16 of the Complaint.

17. Defendant admits the averments in paragraph 17 of the Complaint.

18. Defendant admits the averments in paragraph 18 of the Complaint.

## IV.   THE PATENTS-IN-SUIT

19. Defendant admits the averments in paragraph 19 of the Complaint.

20. Defendant admits the averments in paragraph 20 of the Complaint.

21. Defendant admits the averments in paragraph 21 of the Complaint.

22. Defendant admits the averments in paragraph 22 of the Complaint.

23. With respect to paragraph 23 of the Complaint, Defendant admits that claims of one or more of the patents-in-suit cover formulations of boronic acid compounds and methods for preparing such formulations.

## V.   FACTUAL BACKGROUND

24. With respect to paragraph 24 of the Complaint, Defendant admits that VELCADE is a product that is currently offered for sale and sold by Millennium Pharmaceuticals, Inc. ("Millennium") in the United States.  Defendant denies the remaining averments.

25. With respect to paragraph 25 of the Complaint, Defendant admits that Millennium has taken an exclusive license to U.S. Patent No. 6,713,446 from NIH and that Defendant reserved a nonexclusive license to practice inventions claimed in said patent throughout the world.

26. With respect to paragraph 26 of the Complaint, Defendant admits that Millennium has taken an exclusive license to U.S. Patent No. 6,958,319 from NIH and that Defendant reserved a nonexclusive license to practice inventions claimed in said patent throughout the world.

27. Defendant admits the averments in paragraph 27 of the Complaint.

28. Defendant admits the averments in paragraph 28 of the Complaint.

29. Defendant admits the averments in paragraph 29 of the Complaint.

30. With respect to paragraph 30 of the Complaint, Defendant admits that Dr. Shanker Gupta was listed as Alternate Project Officer in the 1997 Agreement.

31. Defendant admits the averments in paragraph 31 of the Complaint.

32. With respect to paragraph 32 of the Complaint, Defendant admits that Dr. Valentino Stella was listed as Principal Investigator in the 1992 and 1997 Agreements.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

33. With respect to paragraph 33 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

34. With respect to paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

35. With respect to paragraph 35 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

36. With respect to paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

37. With respect to paragraph 37 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

38. With respect to paragraph 38 of the Complaint, Defendant admits that Daniel K. Bempong is listed as Research Associate in the 1997 Agreement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

39. With respect to paragraph 39 of the Complaint, Defendant admits that Dr. Stella had skills relevant to fulfilling the 1997 Agreement. Defendant denies the remaining averments.

40. With respect to paragraph 40 of the Complaint, Defendant admits that Dr. Stella had skills relevant to fulfilling the 1997 Agreement. Defendant denies the remaining averments.

41. With respect to paragraph 41 of the Complaint, Defendant admits that in 1997, Dr. Gupta provided peptide boronic acid compounds to Dr. Stella. Defendant denies the remaining averments.

42. With respect to paragraph 42 of the Complaint, Defendant admits that in 1997, Dr. Gupta provided Dr. Stella with the structures of the compounds that Dr. Gupta had previously provided to Dr. Stella, as referenced in paragraph 41.

43. With respect to paragraph 43 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

44. With respect to paragraph 44 of the Complaint, Defendant admits that ProScript, Inc. had independently attempted to stabilize a liquid solution of one or more of the peptide boronic acid compounds. Defendant denies the remaining averments.

45. With respect to paragraph 45 of the Complaint, Defendant admits that Dr. Gupta communicated with Dr. Stella regarding stable liquid solutions of peptide boronic acid compounds. Defendant denies the remaining averments.

46. Defendant denies the averments in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 47 of the Complaint.

48. With respect to paragraph 48 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

49. Paragraph 49 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 49 of the Complaint.

50. Defendant denies the averments in paragraph 50 of the Complaint.

51. Defendant denies the averments in paragraph 51 of the Complaint.

52. Defendant admits the averments in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant admits that the naming of inventors on the '160 application was done without deceptive intent. Defendant denies the remaining averments of paragraph 53 of the Complaint.

54. Defendant admits the averments in paragraph 54 of the Complaint.

55. Defendant denies the averments in paragraph 55 of the Complaint.

56. With respect to paragraph 56 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

57. Defendant admits the averments in paragraph 57 of the Complaint.

58. Defendant admits the averments in paragraph 58 of the Complaint.

59. Defendant admits the averments in paragraph 59 of the Complaint.

59. Paragraph 59 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant admits that NIH's denial of the University of Kansas's petition constitutes final agency action, for which KUCR is entitled to review under 5 U.S.C. §§ 702, 704, and 706. Defendant denies the remaining averments.

60. Paragraph 60 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 61 of the Complaint.

## VI.    FIRST CAUSE OF ACTION

62. Defendant incorporates by reference each of its above responses to the numbered paragraphs of the Complaint.

63. Defendant admits the averments in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 65 of the Complaint.

66. With respect to paragraph 66 of the Complaint, the allegation that Dr. Stella and Ms. Waugh are co-inventors of the '446 patent is a legal conclusion which requires no response. However, to the extent that a response is required, Defendant denies the averment. Defendant admits that the naming of inventors on the '446 patent was done without deceptive intent. Defendant denies the remaining averments.

67. With respect to paragraph 67 of the Complaint, the allegation that Dr. Stella and Ms. Waugh are co-inventors of the '446 patent is a legal conclusion which requires no response. However, to the extent that a response is required, Defendant denies the averment. Defendant admits that the naming of inventors on the '446 patent was done without deceptive intent. Defendant denies the remaining averments.

68. Paragraph 68 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 69 of the Complaint.

## VII.    SECOND CAUSE OF ACTION

70. Defendant incorporates by reference each of its above responses to the numbered paragraphs of the Complaint.

71. Defendant admits the averments in paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 73 of the Complaint.

74. With respect to paragraph 74 of the Complaint, the allegation that Dr. Stella and Ms. Waugh are co-inventors of the '319 patent is a legal conclusion which requires no response. However, to the extent that a response is required, Defendant denies the averment. Defendant admits that the naming of inventors on the '319 patent was done without deceptive intent. Defendant denies the remaining averments.

75. With respect to paragraph 75 of the Complaint, the allegation that Dr. Stella and Ms. Waugh are co-inventors of the '319 patent is a legal conclusion which requires no response. However, to the extent that a response is required, Defendant denies the averment. Defendant admits that the naming of inventors on the '319 patent was done without deceptive intent. Defendant denies the remaining averments.

76. Paragraph 76 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

1.-9. Paragraphs 1 through 9 of the section titled "Prayer for Relief" in the Complaint do not require a response. However, to the extent that paragraphs 1 through 9 are deemed to contain averments, Defendant denies each such averment. Defendant further denies that Plaintiff is entitled to any of the relief requested in paragraphs 1 through 9.

## DEFENSES

Upon current information and belief, Defendant further answers concerning its defenses:

1. Plaintiff has failed to show that it is entitled to the relief sought because it has not identified with specificity the subject matter in the claims of the '446 patent that sufficiently comprise the alleged inventive contributions of Dr. Stella and Ms. Waugh such that they should be named co-inventors.

      2.      Plaintiff has failed to show that it is entitled to the relief sought because it has not identified with specificity the subject matter in the claims of the '319 patent that sufficiently comprise the alleged inventive contributions of Dr. Stella and Ms. Waugh such that they should be named co-inventors.

      3.      Plaintiff is barred and/or estopped from seeking relief for its claims because it failed to disclose to Defendant its alleged invention and/or inventive contribution in a timely manner pursuant to Federal Acquisition Regulation (48 C.F.R. Chapter 1) Clause No. 52.227-11, titled "Patent Rights," as incorporated by the 1997 Agreement.

      4.      To the extent that Plaintiff seeks relief for any claim accruing more than six years before the filing of the Complaint, Plaintiff is precluded from any such recovery, as set forth in 28 U.S.C. §§ 2401 and 2501.

      5.      Any claims that Plaintiff may have or have had are barred by equitable considerations, such as laches, waiver, and/or estoppel.

      6.      Defendant asserts any and all defenses which are presently unknown to it, but which, when ascertained, Defendant requests leave to add to this Answer.

      WHEREFORE, Defendant respectfully requests the following relief:

      A.      That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiff;

      B.      That the Court enter an order declaring that Dr. Valentino Stella and Ms. Wanda Waugh are not co-inventors of U.S. Patent No. 6,713,446;

   C. That the Court enter an order declaring that Dr. Valentino Stella and Ms. Wanda Waugh are not co-inventors of U.S. Patent No. 6,958,319;

   D. That Defendant recover from Plaintiff all of its expenses, including costs and attorney fees; and

   F. That Defendant have such further relief as the Court deems proper and just.

            Respectfully submitted,

            MICHAEL F. HERTZ
            Acting Assistant Attorney General

            JOHN J. FARGO
            Director


               s/ Kirby W. Lee
            KIRBY W. LEE
            Attorney
            Commercial Litigation Branch
            Civil Division
            Department of Justice
            Washington, DC  20530
            Telephone: (202) 307-0335
March 2, 2009        Facsimile: (202) 307-0345

*Defendant's Answer*
University of Kansas Center for Research, Inc. v. United States
Case No. 08-cv-02565 JAR/DJW

CERTIFICATE OF SERVICE

     I certify that on March 2, 2009, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

     Catherine S. Branch
     catherine.branch@pillsburylaw.com

     Catherine C. Theisen
     ctheisen@barberemerson.com

     Christopher K. Dorsey
     christopher.dorsey@pillsburylaw.com

     George M. Sirilla
     george.sirilla@pillsburylaw.com

     Terrence J. Campbell
     tcampbell@barberemerson.com

     William P. Atkins
     william.atkins@pillsburylaw.com

     I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

     None.

                                   s/ Kirby W. Lee
                                   KIRBY W. LEE
                                   Attorney
                                   Commercial Litigation Branch
                                   Civil Division
                                   Department of Justice
                                   Washington, DC  20530
                                   Telephone:    (202) 307-0335
                                   Facsimile:     (202) 307-0345
                                   E-mail:         kirby.lee@usdoj.gov