**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNIVERSITY OF KANSAS ) | |
| CENTER FOR RESEARCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 08-cv-02565 JAR/DJW |
| THE UNITED STATES OF AMERICA, ) | |
| represented by the DEPARTMENT OF ) | Judge Julie A. Robinson |
| HEALTH AND HUMAN SERVICES, ) | |
| by and through its agents the NATIONAL ) | |
| INSTITUTES OF HEALTH and the ) | |
| NATIONAL CANCER INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF CENTOCOR ORTHO
BIOTECH PRODUCTS, L.P.'S AND MILLENNIUM PHARMACEUTICALS, INC.'S
MOTIONS TO INTERVENE AS DEFENDANTS**

TONY WEST
Assistant Attorney General

JOHN J. FARGO
Director

Of Counsel:                           KIRBY W. LEE
SUSAN L.C. MITCHELL              Attorney
Assistant Director                  Commercial Litigation Branch
                                    Civil Division
                                    Department of Justice
                                    Washington, DC  20530
                                    Telephone:  (202) 307-0335
June 1, 2009                        Facsimile:  (202) 307-0345

Attorneys for Defendant the United States

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   NATURE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.   VELCADE® . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.   Hatch-Waxman Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     C.   Proceedings Before The European Patent Office . . . . . . . . . . . . . . . . . . . . . . . . 3

III. QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.   COBI And MPI Are Entitled To Intervene As A Matter Of Right . . . . . . . . . . . 4

          1.   The Motions to Intervene Are Timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

          2.   The Intervenors Have An Interest In The Patents-In-Suit . . . . . . . . . . . . 6

          3.   The Intervenors' Interests May Be Impaired By
               The Disposition Of This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          4.   The Intervenors' Interests Are Not Adequately Represented
               By The Existing Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     B.   Alternatively, COBI And MPI Should Be Granted Permission
          To Intervene Under Rule 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# **TABLE OF AUTHORITIES**

## **CASES**

*Coalition of Arizona/New Mexico Counties v. United States Department of Interior*,
     100 F.3d 837 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ethicon, Inc. v. United States Surgical Corp.*,
     135 F.3d 1456 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Grutter v. Bollinger*,
     188 F.3d 394 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Natural Resources Defense Council v. United States Nuclear Regulatory Commission*,
     578 F.2d 1341 (10th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*San Juan County v. United States*,
     503 F.3d 1163 (10th Cir. 2007) (*en banc*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Sanguine, Ltd. v. United States Department of Interior*,
     736 F.2d 1416 (10th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sierra Club v. Espy*,
     18 F.3d 1202 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United Nuclear Corp. v. Cranford Insurance Co.*,
     905 F.2d 1424 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Utah Association of Counties v. Clinton*,
     255 F.3d 1246 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

## **STATUTES**

35 U.S.C. § 262 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **RULES**

Fed. R. Civ. P. 24(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 11, 12

Fed. R. Civ. P. 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

On May 19, 2009, Centocor Ortho Biotech Products, L.P. ("COBI") moved to intervene as a defendant in the instant litigation. (Docket No. 26.) Similarly, on May 21, 2009, Millennium Pharmaceuticals, Inc. ("MPI") also moved to intervene as a defendant. (Docket No. 36.) Defendant the United States ("the government") does not oppose and submits the following in support of the aforementioned motions to intervene.

## I.  NATURE OF THE PROCEEDINGS

On November 12, 2008, Plaintiff University of Kansas Center for Research, Inc. ("KUCR") filed a Complaint against the United States to correct inventorship of two patents assigned to the government, U.S. Patent Nos. 6,713,446 ("the '446 patent") and 6,958,319 ("the '319 patent") (collectively, "the patents-in-suit"). (Docket No. 1.) Dr. Shanker Gupta, a government employee, is the sole named inventor of both patents. Under 35 U.S.C. § 256, KUCR seeks to add Dr. Valentino Stella and Ms. Wanda Waugh as co-inventors to the two patents. KUCR filed a First Amended Complaint on January 28, 2009. (Docket No. 15.) The government filed its Answer on March 2, 2009, denying that Dr. Stella and Ms. Waugh should be added as co-inventors to the patents-in-suit. (Docket No. 19.)

On May 4, 2009, KUCR filed a motion for partial summary judgment to name Dr. Stella as a co-inventor to the two patents. (Docket No. 23.) That motion is not case dispositive because it does not address Ms. Waugh's alleged status as a co-inventor. On May 26, 2009, the Court granted the government's unopposed motion to extend the time to file its response, contingent upon the Court's resolution of the pending motions to intervene. (Docket No. 51.)

On May 19, 2009, COBI filed a motion to intervene as defendant. (Docket No. 26.) The following day, the Court held a telephonic conference that included respective counsel for Plaintiff, Defendant, and movant COBI. The Court indicated that resolution of COBI's motion to intervene should precede the entry of a scheduling order, and it planned a scheduling conference to occur on June 23, 2009. (Docket No. 35.) Subsequently, MPI also filed its own motion to intervene as defendant on May 21, 2009. (Docket No. 36.)

On May 26, 2009, the Court granted KUCR's unopposed motion for an extension of time, making responses to the motions to intervene due by June 1 and replies by June 10. (Docket No. 52.)

## II.  STATEMENT OF FACTS

### A.  VELCADE®

The '446 and '319 patents cover formulations of and methods for formulating the drug bortezomib, known commercially as VELCADE®. VELCADE®, an anti-cancer agent, is approved in the United States for the treatment of multiple myeloma and mantle cell lymphoma.

The United States is the sole owner of the two patents-in-suit. The government granted MPI an exclusive worldwide license to make, use, and sell the patented formulation of bortezomib, and MPI also has the right to sublicense its rights to the '446 and '319 patents. Accordingly, MPI sells VELCADE® in the United States, and it has granted COBI the right to develop VELCADE® in the United States and sell VELCADE® outside the United States. As a result of its agreement with MPI, the government receives royalty payments based on sales of VELCADE®. (Docket 38, Ex. 3.)

### B.      Hatch-Waxman Litigation

The patents-in-suit are currently the subject of pending litigation in the United States District Court for the District of Delaware under the Drug Price Competition and Patent Term Restoration Act of 1984, commonly referred to as the Hatch-Waxman Act.  In *Millennium Pharmaceuticals, Inc. v. Teva Parenteral Medicines, Inc. and Teva Pharmaceuticals USA, Inc.*, No. 09-127, MPI is suing the defendant generic manufacturer (collectively, "Teva").  (Docket No. 38, Ex. 4.)  MPI alleges that Teva infringes the '446 and '319 patents; in defense, Teva alleges that the patents are invalid, *inter alia*, because Dr. Stella and Ms. Waugh were improperly omitted as co-inventors.  A decision by the United States District Court for the District of Kansas in the instant lawsuit regarding the status of Dr. Stella and Ms. Waugh as co-inventors likely will influence the nature of the proceedings between MPI and Teva in the District of Delaware.

### C.      Proceedings Before The European Patent Office

On May 4, 2009, KUCR submitted a statement to the European Patent Office ("EPO") in Munich, Germany, requesting that the proceedings involving the European patent application related to the patents-in-suit be suspended.  (Docket No. 38, Ex. 5.)  As the reason for its request, KUCR asserted that the ownership of the European patents were in dispute because of the instant litigation in the District of Kansas.  COBI, MPI, and the government filed separate statements opposing KUCR's request, arguing that KUCR's litigation in a United States federal court over the U.S. patents, if successful, does not directly entitle KUCR to an ownership interest in the European patent application.  (Docket No. 38, Ex. 6, 7, 8.)

In a letter dated May 14, 2009, the EPO denied KUCR's request to suspend the European patent proceedings. (Docket No. 38, Ex. 9.) Pursuant to the European Patent Convention, which provides guidelines for patent examination, the EPO provided a two-month period of time during which KUCR may provide comments in response to the decision.

### III.   QUESTIONS PRESENTED

1. Are COBI and MPI entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a) wherein both have filed timely motions demonstrating that their interest in the patents-in-suit that will be impaired by disposition of the case and that the interests of both COBI and MPI may not be adequately represented by the existing parties?

2. Alternatively, should the Court grant COBI's and MPI's motions for permissive intervention pursuant to Fed. R. Civ. P. 24(b) when both have shown that their defenses share a common question of law and fact with the instant case and that intervention will not result in undue delay or prejudice?

### IV.   ARGUMENT

#### A.   COBI And MPI Are Entitled To Intervene As A Matter Of Right

Rule 24 of the Federal Rules of Civil Procedure provides that a court must permit an applicant to intervene when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

represent that interest." Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Tenth Circuit applies those conditions in a four-part test:

> An applicant may intervene as of right if: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impaired or impeded"; and (4) "the applicant's interest is [not] adequately represented by existing parties."

*Coalition of Arizona/New Mexico Counties v. United States Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)(2)).

### 1. **The Motions To Intervene Are Timely**

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted)). Timeliness is evaluated in context and not by absolute measures. *Id.*

The instant case is at a very early stage. The Court has not yet established a case management timeline. (*See* Docket No. 35.) No scheduling order has been issued and no trial date has been set. In fact, no documents have been produced and no depositions have been taken. Only recently has Plaintiff served the first document requests in the case. Accordingly, it also follows that there would be no undue prejudice to the existing parties by allowing intervention. Although KUCR has filed a motion for partial summary judgment, the motion is not case dispositive. If anything, KUCR's motion makes clear the interests that both COBI and MPI have in the case.

Furthermore, it was only on May 4 when KUCR filed its statement with the EPO alleging that the U.S. inventorship litigation would adversely affect ownership rights in the related European patent application. Although the EPO denied KUCR's request to stay the production of the European patent application, KUCR does have the opportunity to respond to and appeal the EPO's decision. This recent development signals KUCR's intent to use the results of the instant litigation, if successful, to dispute the patent rights of COBI and MPI in foreign jurisdictions.

In view of the above arguments, COBI's and MPI's motions to intervene are timely and should be granted. This is an instance in which "no one would be hurt and greater justice could be attained" by granting the motions to intervene. *See Utah Ass'n of Counties*, 255 F.3d at 1249 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

### 2.  **The Intervenors Have An Interest In The Patents-In-Suit**

The Tenth Circuit, sitting *en banc*, has held that to satisfy this part of the test, "[t]he applicant must have an interest that could be adversely affected by the litigation." *San Juan County v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (*en banc*). The Court indicated that "the practical effect of the litigation on the applicant for intervention" should be a particular focus of the inquiry. *Id.* at 1193. The Court eschewed the so-called "DSL test" – that an applicant's interest must be "direct, substantial, and legally protectable" – as a bright-line rule for this prong. Instead, the Tenth Circuit cautioned that there is no "rigid formula" to determine "whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.* at 1199. Nevertheless, the Court recognized that the DSL test is inclusive rather than exclusive, so that "an interest that clearly satisfies all these conditions would likely justify intervention." *Id.* at 1194.

Here, COBI and MPI clearly have an interest in the '446 and '319 patents. Both intervenors have a financial stake in the patents-in-suit, as evidenced by their respective licensee and sublicensee relationship with the government, the sole owner of the patents. They have also provided substantial documentation evidencing the extent of their investment in the patented technology. Should COBI and MPI lose exclusivity over subject matter of the patents-in-suit, they could potentially lose a large portion of their revenue from sales of VELCADE®.

Additionally, KUCR's attempt to suspend proceedings in the EPO highlights the risk that MPI and COBI have in the case. By attacking the ownership of European patent rights, KUCR has indicated its willingness to use the outcome of this litigation to challenge MPI's and COBI's economic stake in manufacturing and selling VELCADE® outside the United States.

Because of the license agreements and financial investment that COBI and MPI have in the patents-in-suit, they have shown sufficient interest to satisfy the "interest" requirement of Rule 24(a).

### 3. The Intervenors' Interests May Be Impaired By The Disposition Of This Action

The Tenth Circuit has recognized that "the question of impairment is not separate from the question of existence of an interest." *Utah Ass'n of Counties*, 255 F.3d at 1253 (quoting *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Id.* (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)).

Here, the exclusive rights of COBI and MPI in the '446 and '319 patents are at risk if KUCR is successful in the instant litigation. If either Dr. Stella or Ms. Waugh are found to be co-inventors,

KUCR may assert co-ownership of the patents. Section 262 of Title 35 of the United States Code provides that:

> In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.

The United States Court of Appeals for the Federal Circuit has stated that "[t]his freedom to exploit the patent without a duty to account to other co-owners also allows co-owners to freely license others to exploit the patent without the consent of other co-owners." *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). Thus, if KUCR becomes co-owner to the patents-in-suit, it may attempt to license the patents to other entities or seek licensing fees from MPI and COBI. Both outcomes adversely affect the financial interests of the intervenors.

Again, KUCR's efforts to suspend EPO proceedings demonstrate the risk to both COBI and MPI. Despite the fact that the request was denied by the EPO, KUCR has the right to challenge the EPO's decision and, by its allegations, has created a cloud of uncertainty regarding the ownership of the European patent application.

COBI and MPI have shown that their interests are at risk of being impaired or impeded by the disposition of this case and thus have met the minimal burden of satisfying this test.

### 4. The Intervenors' Interests Are Not Adequately Represented By The Existing Parties

The interests of COBI and MPI are not adequately represented because of the different nature of their interests as compared to the government's interests and because of the disparity of the weight afforded to those interests.

In its *en banc* decision in *San Juan County*, the Tenth Circuit recognized the distinction between cases in which the government and proposed intervenors have interests that are aligned and those in which their interests diverge. When the interests are aligned, "the general presumption [is] representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." 503 F.3d at 1204 (quotation omitted). However, when the interests of the government and the proposed intervenors are incongruous, the presumption does not apply. *Id*.

There are several reasons why the interests of the government are not aligned with those of COBI and MPI. First, MPI has asserted in its proposed Answer that it has certain defenses that are not available to the government. To the extent that MPI has equitable defenses that are personal to MPI and not shared by the government, the interests are sufficiently different that MPI's interests would not be adequately represented by the government in this action.

Second, the government has a pecuniary interest in establishing that Dr. Shanker Gutpa, an government employee, is properly named as the sole inventor of the '446 and '319 patents. In agreeing to license patent rights to MPI, the government has asserted that it in fact has exclusive rights to the patents-in-suit. If KUCR were to succeed in the litigation, it is possible that MPI could challenge its agreement with the government, as the exclusivity offered may be destroyed by KUCR's attempt to seek additional fees from MPI or to license a third party. In such an event, the interests of the government and MPI may become adverse. It is true that the government, COBI, and MPI share the common interest of maintaining validity of the patent; however, because the possible outcomes for each are different and because there exists the potential for their interests to become adverse, the intervenors' interests would not be adequately represented by the government alone.

Third, there exists a great disparity in the weight of the financial interests at risk for the government and for intervenors COBI and MPI. The proposed intervenors have offered much data to establish the importance and depth of the companies' private investment in VELCADE®, sums much greater than that invested by the government's own research. On the one hand, the government stands to lose only its royalty payment if KUCR prevails in the litigation; on the other, COBI and MPI have a much greater relative stake of their companies' revenue at risk in the litigation.

Fourth, the government is not engaged in the business of making and selling VELCADE®, whereas MPI and COBI depend on VELCADE® sales in the United States and in foreign markets. KUCR has also disputed the propriety of ownership rights to the European patent application, complicating the licensing arrangement for COBI and MPI. Because MPI and COBI have extra-territorial interests in maintaining manufacturing and sales capabilities in foreign markets, interests not necessarily shared by the government, those interests may not be adequately represented by the existing parties to the litigation.

Finally, the government has a broader, unique concern regarding the effect that disposition of this litigation may have on its numerous research and development collaborations. The government's interest in the integrity of its inventorship determination process, as well as the impact on contractual relationships with other universities and contractors, differs substantially from the business interests of COBI and MPI.

In sum, the government, COBI, and MPI have different interests in the outcome of the instant litigation, and COBI and MPI have satisfied this prong of the Rule 24(a) test.

### B. Alternatively, COBI And MPI Should Be Granted Permission To Intervene Under Rule 24(b)

Rule 24(b) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention is a matter within the sound discretion of the district court, and [the Tenth Circuit] will not disturb its order except upon a showing of clear abuse." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (quotation omitted).

As under Rule 24(a), the motions to intervene under Rule 24(b) are timely. Both COBI and MPI have established that they have defenses that share a common question of law and fact with the instant action – that is, their defenses relate to the proper inventorship of the '446 and '319 patents. The intervention of COBI and MPI will not unduly delay the proceedings or prejudice the existing parties, as the case is at an extremely early stage, and the inclusion of the intervenors would promote the efficient and just adjudication of the case. Permissive intervention under Rule 24(b) should be granted to COBI and MPI.

## V.  CONCLUSION

For the reasons stated above, the government respectfully requests that the Court grant the pending motions to intervene under Rule 24(a) or, in the alternative, under Rule 24(b).

                        Respectfully submitted,

                        TONY WEST
                        Assistant Attorney General

                        JOHN J. FARGO
                        Director

                          s/ Kirby W. Lee
Of Counsel:                 KIRBY W. LEE
SUSAN L.C. MITCHELL     Attorney
Assistant Director          Commercial Litigation Branch
                        Civil Division
                        Department of Justice
                        Washington, DC  20530
                        Telephone:  (202) 307-0335
June 1, 2009              Facsimile:  (202) 307-0345

                        Attorneys for Defendant the United States

*Defendant's Memorandum in Support of Centocor Ortho Biotech Products, L.P.'s
and Millennium Pharmaceuticals, Inc.'s Motions to Intervene As Defendants*
University of Kansas Center for Research, Inc. v. United States
Case No. 08-cv-02565 JAR/DJW

CERTIFICATE OF SERVICE

I certify that on June 1, 2009, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Catherine S. Branch<br>catherine.branch@pillsburylaw.com | Robert D. Bajefsky<br>robert.bajefsky@finnegan.com |
| Catherine C. Theisen<br>ctheisen@barberemerson.com | William D. Beil<br>bilb@rhgm.com |
| Christopher K. Dorsey<br>christopher.dorsey@pillsburylaw.com | Barbara C. Frankland<br>bfrankland@midwest-law.com |
| George M. Sirilla<br>george.sirilla@pillsburylaw.com | Jason M. Hans<br>jasonh@rhgm.com |
| Terrence J. Campbell<br>tcampbell@barberemerson.com | Thomas H. Jenkins<br>thomas.jenkins@finnegan.com |
| William P. Atkins<br>william.atkins@pillsburylaw.com | William L. Strauss<br>william.strauss@finnegan.com |
| | Nicole L. M. Valtz<br>nicole.valtz@finnegan.com |

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

None.

                                                     s/ Kirby W. Lee
                                                   KIRBY W. LEE
                                                   Attorney
                                                   Commercial Litigation Branch
                                                   Civil Division
                                                   Department of Justice
                                                   Washington, DC  20530
                                                   Telephone:    (202) 307-0335
                                                   Facsimile:     (202) 307-0345
                                                   E-mail:        kirby.lee@usdoj.gov