# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNIVERSITY OF KANSAS**
**CENTER FOR RESEARCH, INC.,**

        **Plaintiff,**           Civil Action

v.          No. 08-2565-JAR-DJW

**THE UNITED STATES OF AMERICA,**
**represented by the DEPARTMENT OF**
**HEALTH AND HUMAN SERVICES,**
**by and through its agents the NATIONAL**
**INSTITUTES OF HEALTH and the**
**NATIONAL CANCER INSTITUTE,**

        **Defendant,**

    **and**

**MILLENNIUM PHARMACEUTICALS,**
**INC., et al.**

        **Intervenor-Defendants.**

## MEMORANDUM AND ORDER

This case arises under United States patent laws and concerns the correction of inventorship of two patents. Pending before the Court is Plaintiff's Motion for Leave to Provide a Document for *in Camera* Review and to File a Corresponding Motion and Memorandum Under Seal with Limited Access (doc. 85).

**I.    Nature of the Matter Before the Court**

Plaintiff contends that during the pendency of this action it inadvertently disclosed to Defendant United States of America ("United States") an eight-page document that is protected by the attorney-client privilege. Plaintiff states that it intends to file and serve a motion, memorandum,

and supporting exhibits (collectively "Privilege Motion") on the United States to compel return of this document. Plaintiff seeks leave to file the Privilege Motion under seal. Plaintiff contends that the Privilege Motion should be sealed because not only will the motion divulge information regarding the claimed privileged document but it will also contain confidential personnel and business information.

In addition, Plaintiff asks the Court to limit access to the sealed Privilege Motion to the United States and to exclude the Intervenor-Defendants from the briefing on the Privilege Motion. Plaintiff asserts that the exclusion is necessary because the Intervenor-Defendants have not previously seen the alleged privileged document, and any further disclosure of the document could be construed as waiving the privilege. Plaintiff also seeks leave to submit the claimed privileged document to the Court for *in camera* review so that the Court may conclusively determine whether the document is protected by the attorney-client privilege.

The United States opposes the motion, arguing that Plaintiff did not inadvertently produce the document to the United States as Plaintiff claims, but rather intentionally entered the document into a government computer database system known as "iEdison." The United States asserts that it discovered the document in iEdison "through its own activities related to this case."[1] It contends that Plaintiff's entry of the document into iEdison amounted to waiver of the claimed privilege. The United States urges the Court to first address the limited issue of waiver, and if no waiver is found, require Plaintiff to make a *prima facie* showing that the document is privileged before the Court even considers whether to inspect it *in camera*. Only if and when the Court determines that there has been no waiver will the Court need to address the merits of Plaintiff's privilege arguments.

---

[1] United States' Resp. to Mot. for *in Camera* Review (doc. 102) at

Thus, the United States objects to Plaintiff submitting the document to the Court for *in camera* review at the present time.

The Intervenor-Defendants also oppose Plaintiff's Motion, and they agree with the United States that the Court should first determine the waiver issue. The Intervenor-Defendants also strongly oppose Plaintiff's request that they be excluded from the briefing on the Privilege Motion. They explain that they have already seen the claimed privileged document and, thus, the protection sought by Plaintiff in its present motion is unnecessary. The Intervenor-Defendants instead propose the following procedure: The Court should first require Plaintiff to provide a privilege log so that the Court may make a preliminary assessment as to the asserted privilege. The Intervenor-Defendants should then be allowed to conduct discovery into the circumstances surrounding the alleged "inadvertent disclosure" of the document. Next, the privilege and waiver issues should be briefed, with all parties permitted to review and file briefs. Only after the Court finds that Plaintiff has made a *prima facie* showing of privilege and that Plaintiff has not waived the privilege should the Court review the document *in camera*.

Plaintiff states in its reply brief that it was not previously aware that the Intervenor-Defendants had seen the document. Plaintiff therefore withdraws its request to exclude the Intervenor-Defendants from briefing on the Privilege Motion. Plaintiff continues to seek leave to submit the document *in camera* and to file its Privilege Motion under seal. It asserts that there is no reason to have two rounds of briefing or to set up a more complex procedure for determining these issues, as Defendants urge.

Furthermore, Plaintiff submits a privilege log in its reply brief which sets forth the following information for the two memoranda that make up the document at issue: number of pages, author,

type of document, addressee or known recipient, and description. It also identifies the memoranda as both attorney-client privileged and protected work product. Plaintiff contends that this log makes a *prima facie* showing that the document is privileged.

## II. Analysis

In determining whether to allow *in camera* review of the disputed document, the Court begins its analysis by noting that the disclosure of claimed privileged materials to a court for purposes of determining the merits of the asserted privilege "does not have the legal effect of terminating the privilege."[2] The Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection."[3] The decision whether to review documents *in camera* lies within the sound discretion of the court.[4] Generally speaking, the court will review documents *in camera* to determine an alleged privilege only when the party asserting the privilege has made some initial, factual showing that the claimed privilege exists.[5]

After reviewing Plaintiff's privilege log, the Court holds that Plaintiff has made a *prima face* showing that the document is protected by the attorney-client privilege. Furthermore, under the particular circumstances of this case, the Court holds, in its discretion, that Plaintiff should be granted leave to submit the document for an *in camera* determination as to whether it is privileged.

---

[2] *U.S. v. Zolin*, 491 U.S. 554, 568 (1989).

[3] *Id.* at 568-69 (citing *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 404-05 (1976)).

[4] *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1493 (10th Cir.1990) (citation omitted); *Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL-DJW, 2000 WL 33712198 (D. Kan. Sept. 22, 2000).

[5] *Mounger*, 2000 WL 33712198, at *1; *Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-EEO, 1998 WL 182785, at *10 (D. Kan. Apr. 10, 1998).

Plaintiff shall submit the document to the Court at the same time that it files its Privilege Motion.

In addition, the Court finds that sealing of Plaintiff's Privilege Motion is necessary to protect the claimed privilege and to protect the confidentiality of the confidential personnel records and business information contained therein. Furthermore, the Court finds that Plaintiff's interests in keeping these materials confidential outweighs the public interest in access to court records, particularly because of the importance of the asserted privilege.[6] The Court therefore grants Plaintiff leave to file its Privilege Motion under seal.

The Court sees no need to require two rounds of briefing or a more complex process for determining these issues, as Defendants suggest. Whether the document is privileged and whether waiver has occurred may be addressed in a single round of briefing. Since discovery is ongoing, Defendants are free to conduct discovery regarding the circumstances of Plaintiff's alleged inadvertent disclosure of the document, to the extent such discovery complies with the applicable Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (doc. 85) is granted to the extent Plaintiff seeks leave to provide its claimed privileged document to the Court for *in camera* review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (doc. 85) is granted to the extent Plaintiff seeks leave to file under seal a motion to compel return of the claimed privileged document and a supporting memorandum (including exhibits and affidavits). Plaintiff's counsel is directed to file the motion and supporting memorandum with an event from the "Sealed Documents" category. The Clerk shall grant access to the sealed documents to counsel of record, except that in

---

[6]Any motion to seal must establish that the interests which favor non-disclosure outweigh the public's interest in access to court documents. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

accordance with the Court's customary procedure, pro hac vice attorneys must obtain the sealed documents from local counsel.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (doc. 85) is moot to the extent Plaintiff has withdrawn its request to exclude the Intervenor-Defendants from accessing Plaintiff's motion to compel return of the claimed privileged document and supporting memorandum and from participating in the briefing on said motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 17th day of November 2009.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:   All counsel and *pro se* parties