**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNIVERSITY OF KANSAS CENTER FOR RESEARCH, INC.** ) ) ) | |
| ) | **Civil Action No. 08-CV-2565** |
| **Plaintiff,** ) | **JAR/DJW** |
| ) | |
| v. ) | Judge Julie A. Robinson |
| ) | |
| **THE UNITED STATES OF AMERICA** ) represented by the **DEPARTMENT OF HEALTH** ) **AND HUMAN SERVICES,** by and through its ) agents the **NATIONAL INSTITUTES OF** ) **HEALTH** and the **NATIONAL CANCER** ) **INSTITUTE** ) ) | |
| **Defendant,** ) ) | |
| **and** ) ) | |
| **MILLENNIUM PHARMACEUTICALS, INC.** ) and **CENTOCOR ORTHO BIOTECH** ) **PRODUCTS, L.P.,** ) ) | |
| **Intervenor-Defendants.** ) | |

**MILLENNIUM PHARMACEUTICALS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' PATENT-OWNERSHIP-BASED
<u>COUNTERCLAIM AND AFFIRMATIVE DEFENSES</u>**

Plaintiff's motion to dismiss Millennium Pharmaceuticals, Inc's ("MPI's") counterclaim and affirmative defenses (Document ["Doc."] 126) should be denied. Despite plaintiff's unfounded assertions, this Court has subject matter jurisdiction to hear MPI's equitable counterclaim. Moreover, MPI's affirmative laches and estoppel defenses are defenses to plaintiff's inventorship claim and do not implicate plaintiff's alleged ownership of the patents-in-suit.

## I. INTRODUCTION

The University of Kansas Center for Research, Inc. ("KUCR") filed this action against the United States ("the government") seeking a declaration that Dr. Valentino Stella and Ms. Wanda Waugh are co-inventors of the subject matter claimed in U.S. Patent Nos. 6,713,446 and 6,958,319 (collectively, "the patents-in-suit"), both of which are assigned to the government. (Doc. 15.) After the Court granted MPI's motion to intervene, MPI asserted by way of affirmative defenses that KUCR's inventorship claims were barred by *inter alia* laches and the statute of limitations for bringing civil actions against the government. (Doc. 94, at 11, ¶¶ 1-2.) MPI also asserted a counterclaim seeking a declaratory judgment that, regardless of how the Court resolved KUCR's inventorship claims, KUCR was barred by equitable principles from pursuing its claim of ownership of rights in the patents-in-suit. (*Id.* at 12-16.)

KUCR now asks the Court to dismiss MPI's counterclaim for equitable relief, asserting that it is somehow a claim for relief under a government contract over which this Court lacks jurisdiction.[1] (Doc. 126 at 1-2.) KUCR further asks the Court to dismiss MPI's laches and statute of limitations defenses to the inventorship claim, asserting that these defenses are based on KUCR's lack of ownership of the patents-in-suit. *Id.* at 2. KUCR is wrong on both counts. MPI's counterclaim does not require this Court to decide any issue relating to a government contract. Moreover, MPI's affirmative defenses are independent of any ownership interest

---

[1] As KUCR acknowledges, jurisdiction over contract disputes with the government lies with the agency contracting officer, the Civilian Board of Contract Appeals, and the Court of Federal Claims. (Doc. 126 at 2; Doc. 127 at 5.) Despite KUCR's assertion that its ownership of the patents-in-suit "is presently the subject of a copending agency proceeding" (Doc. 127 at 2), that proceeding concluded on September 17, 2009, when the government contracting officer issued a final agency decision holding that KUCR had forfeited any rights it might have had in the patents-in-suit. *See* Defendant's Opposition to Plaintiff's Motion to Dismiss Patent-Ownership-Based Counterclaim and Affirmative Defenses, Exhibit A, filed by the United States of America on November 30, 2009.

KUCR alleges it has in the patents-in-suit and are therefore proper responses to KUCR's inventorship claim.

## II.   COUNTERSTATEMENT OF THE ISSUES PRESENTED

(1)  Does the Court have jurisdiction over MPI's equitable counterclaim?

(2)  Are laches and the statute of limitations provisions of 28 U.S.C. §§ 2401 and 2501 affirmative defenses to KUCR's inventorship claims?

The answer to both questions is "yes."

## III.   ARGUMENT

### A.   MPI's Counterclaim Is Equitable in Nature

In its counterclaim, MPI asserts that "KUCR unreasonably delayed in asserting that it has ownership rights in either the '446 or the '319 patents, and by its conduct acquiesced to The United States of America's ownership of the '446 and '319 patents." (Doc. 94 at 15, ¶ 29.)  MPI asks the Court to hold that, as a result of its unreasonable delay, KUCR is barred by equitable principles, including estoppel and laches, from pursuing its claim of ownership of rights in the '446 and '319 patents.  *Id.* ¶ 32.  Thus, MPI's counterclaim explicitly seeks relief based on the principles of equity.  *See MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1573 (Fed. Cir. 1989) ("Estoppel is an equitable concept; . . .") (overruled on other grounds).

KUCR nevertheless attempts to convince this Court that MPI's counterclaim is a request for relief under a government contract.  (Doc. 127 at 4-5.)  KUCR bases its argument on two allegations in MPI's counterclaim:

> 20.    On information and belief, Dr. Valentino Stella and Ms. Wanda Waugh began working with bortezomib in 1997 pursuant to Contract No. 1-CM-77017 with the National Cancer Institute ("NCI").
> . . .
> 23.    On information and belief, neither the University of Kansas no[r] KUCR made the timely disclosure to the government of Dr.

3

> Stella and Ms. Waugh's alleged invention or a timely election to retain rights in that alleged invention as required by 37 C.F.R.§ 401.14(c).

(Doc. 94 at 14, ¶¶ 20, 23.)

Neither of these allegations converts MPI's equitable counterclaim into a claim for breach of contract. Paragraph 20 simply establishes that Dr. Stella and Ms. Waugh worked with a drug, bortezomib, under a contract with the National Cancer Institute. Paragraph 23 establishes that federal regulations impose obligations on contractors wishing to retain ownership of government-funded inventions to timely disclose such inventions to the funding agency and to then elect in writing to retain title to any such invention by notifying the federal agency within two years of that disclosure. *See* 37 C.F.R. § 401.14(c); 35 U.S.C. § 202(c).

That KUCR was obliged to and failed to disclose any inventions and elect to retain title is, however, relevant to MPI's counterclaim. To establish equitable estoppel, MPI must show, *inter alia*, that KUCR, through misleading conduct, led MPI to reasonably infer that KUCR had no interest in the patents-in-suit. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (in banc). "'Conduct' may include specific statements, action, inaction, or silence where there was an obligation to speak." *Id.* KUCR's failure to act on its statutory obligations thus satisfies one element of MPI's counterclaim asking the Court to hold that KUCR is barred by equitable principles from pursuing ownership rights in the '446 and '319 patents.

Thus, MPI's counterclaim is not based on KUCR's contract with the NCI and is not barred by any of 41 U.S.C. §§ 605, 607(d), or 609, all of which pertain exclusively to the resolution of disputes between the government contracting agency and the contractor.

**B.    The Court Has Subject Matter Jurisdiction over MPI's Counterclaim**

    **1.    The Court Has Diversity Jurisdiction over MPI's Counterclaim**

MPI has moved to amend its answer and counterclaim to add a claim to diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 135.) If the Court grants that motion, KUCR's motion to dismiss MPI's counterclaim based on the alleged lack of supplemental jurisdiction will be moot since the Court will have an alternate basis for its jurisdiction.

    **2.    The Court Has Supplemental Jurisdiction over MPI's Counterclaim**

Even without diversity jurisdiction, this Court has supplemental jurisdiction over MPI's counterclaim because that counterclaim is compulsory. *See, e.g.*, *Johnston v. Digital Connect, Inc.* No. 05-2373, 2006 WL 1487010 at *1 (D. Kan. May 23, 2006). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and does not require adding another party over whom the court lacks jurisdiction. Fed. R. Civ. P. 13(a)(1). Instead of analyzing whether MPI's counterclaim is compulsory—and, therefore, whether this Court has supplemental jurisdiction over that counterclaim—KUCR simply asserts, without further discussion or citation to authority, that the counterclaim is not compulsory. (Doc. 127 at 6.)

There is no question that MPI's counterclaim meets the requirements for supplemental jurisdiction. The counterclaim does not require adding another party over whom the court lacks jurisdiction and satisfies Fed. R. Civ. P. 13(a)(1)(B). The jurisdictional analysis therefore turns on whether MPI's counterclaim "arises out of the transaction or occurrence" that is the subject of KUCR's claim.

Courts in the Tenth Circuit use four bases for determining whether a counterclaim meets this requirement: "(1) [a]re the issues of fact and law raised by the claim and counterclaim

largely the same?[;] (2) [w]ould res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?[;] (3) [w]ill substantially the same evidence support or refute plaintiff's claim and the counterclaim?[;] and (4) [i]s there any logical relation between the claim and the counterclaim?" *Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974). In *Pipeliners*, the court held that

> while many of the issues of fact and law are largely the same, and while much of the same evidence would support or refute plaintiffs' claim as well as defendants' counterclaim, *the one compelling test of compulsoriness met here* is that both the original claims of plaintiff-appellants and the counterclaim of defendant-appellee arose out of the same 'transaction or occurrence' which logically relate by reason of their common origin. *The 'logical relation' test is the most controlling.*

*Id*. at 1199 (emphases added). The *Pipeliners* court held that the counterclaim at issue was compulsory without ever considering whether that counterclaim would have been barred by res judicata.

MPI's counterclaim is unquestionably "logically related" to KUCR's claims. *See Dow v. Teramara, Inc.* No. 90-1412, 1992 WL 403093 at *4 (D. Kan. Dec. 4, 1992). In *Dow*, the plaintiff claimed that she had been improperly terminated from her job with Teramara. *Id.* at *1. Defendants brought counterclaims for invasion of privacy and defamation based on plaintiff's alleged public campaign to discredit them after she was terminated. *Id.* The *Dow* court held:

> There is a logical relation between defendants' counterclaims and plaintiff's claims. It was because of her termination that plaintiff said the allegedly defamatory statements against defendants. Although the first three methods of determining the compulsory counterclaim are not present, there is enough of a logical relationship that this court will exercise jurisdiction over the counterclaims.

*Id.* at *4. Here, there is a logical relationship between MPI's counterclaim and KUCR's claims because it is Dr. Stella's and Ms. Waugh's alleged contributions to the inventions claimed in the

patents-in-suit that gives rise to KUCR's purported ownership of those patents. It is KUCR's delay in disclosing those alleged inventions and in asserting its purported ownership that gives rise to MPI's counterclaim.

It is noteworthy that *Dow* found supplemental jurisdiction even though only one of the tests for a compulsory counterclaim was satisfied. *Id.* Here, however, other tests for determining that a counterclaim is compulsory are also satisfied. First, the issues of fact and law raised by KUCR's suit and MPI's counterclaim are largely the same because KUCR's suit includes all defenses raised against KUCR's claims. *See FDIC v. Hulsey*, 22 F. 3d 1472, 1487 (10th Cir. 1994) ("The FDIC's suit cannot be considered in isolation; it carries all defenses with it. Viewed in this way, the issues of fact and law in the FDIC's suit and certain of the counterclaims arise out of the same debtor/creditor relationship."). MPI has asserted that KUCR's inventorship "claims are barred by equitable considerations, including laches and estoppel." (Doc. 94 at 11, ¶ 1.) Similarly, MPI's counterclaim asserts that KUCR is barred by equitable principles, including estoppel and laches, from pursuing its claim of ownership of rights in the patents-in-suit. *Id.* at 15, ¶ 32. Thus, the issues of fact and law raised by MPI's defenses are largely the same as those raised by MPI's counterclaim because they all arise out of the same actions.

Moreover, substantially the same evidence will support MPI's equitable defenses to KUCR's inventorship claim and MPI's counterclaim. MPI must introduce evidence in support of both its laches defense and its laches counterclaim to prove that (1) KUCR's "delay in bringing suit was unreasonable and inexcusable" and (2) MPI "suffered material prejudice attributable to the delay." *See Aukerman*, 960 F.2d at 1028. To support its equitable estoppel defense and its equitable estoppel counterclaim, MPI's evidence must show that (1) KUCR failed

to bring its inventorship claim to MPI's attention for many years; (2) MPI relied on KUCR's inaction; and (3) MPI was prejudiced as a result of that reliance. *See id.* at 1028.

Because the tests applied by the Tenth Circuit in, for example, *Pipeliners* show that MPI's counterclaim is compulsory, this Court has supplemental jurisdiction over that counterclaim.

### C. There Is an Immediate and Real Controversy Concerning KUCR's Ownership of the Patents-in-Suit

For the reasons above, this Court has both diversity and supplemental jurisdiction over MPI's counterclaim. KUCR nevertheless asserts that MPI's counterclaim should be dismissed because it "fails to raise an immediate and real controversy." (Doc. 127 at 8 (citing *Golden v. Zwickler*, 394 U.S. 103 (1969)[2]).)

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Medimmune, Inc. v Genentech, Inc.*, 549 U.S. 118, 126 (2007) (ellipses in original; quoting 28 U.S.C. § 2201(a)). The Court in *Medimmune* instructed "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality

---

[2] The *Golden* decision is inapposite. In *Golden*, the plaintiff sought a declaratory judgment that a New York law prohibiting his distribution of anonymous handbills against a political candidate was unconstitutional. 394 U.S. at 104-05. Stating that the candidate, who at the time of the suit was a State Supreme Court judge with a 14-year term, was most unlikely to again be a candidate, the Court held that there was insufficient "immediacy and reality" to justify declaratory judgment jurisdiction. *Id.* at 109. In contrast, KUCR's right to pursue its action for correction of inventorship is inextricably and immediately linked to its alleged ownership of the patents-in-suit. *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (holding that a party that has no financial interest in the patents lacks standing to pursue a claim for correction of inventorship).

to warrant the issuance of a declaratory judgment." *Id.* at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

KUCR does not dispute that the facts alleged in support of MPI's counterclaim "show that there is a substantial controversy, between parties having adverse legal interests." Rather, KUCR contends that the controversy cannot be of "sufficient immediacy and reality" to warrant the issuance of a declaratory judgment until it "prevails in this action, and thereby gains an enforceable ownership interest in the patents in suit." (Doc. 127 at 8.)  KUCR is wrong.  In *Maryland Casualty*, "jurisdiction obtained even though the collision-victim defendant could not have sued the declaratory-judgment plaintiff-insurer without first obtaining a judgment against the insured." *Medimmune*, 549 U.S. at 132-133 n.11.  Thus, the fact that MPI's cause of action against KUCR depends on this Court's adjudication of the inventorship dispute does not strip this Court of declaratory judgment jurisdiction over MPI's counterclaim.

### D.      MPI's Defenses Are Defenses to KUCR's Inventorship Claims

MPI has asserted two defenses to KUCR's inventorship claims.  MPI's first defense is that KUCR's claims are barred by equitable considerations, including laches and estoppel.  (Doc. 94 at 11, ¶ 1.)  There is no question that such equitable considerations are a proper defense to an action to correct inventorship.  *See Serdarevic v. Advanced Medical Optics, Inc.*, 532 F.3d 1352, 1358 (Fed. Cir. 2008) ("Laches is an equitable defense that may bar an inventorship claim.") (citing *Lane & Bodley v. Locke*, 150 U.S. 193, 201 (1893)).  MPI's second defense asserts that KUCR's action against the government to correct inventorship is barred by the statutes of limitation set forth in 28 U.S.C. §§ 2401 and 2501.  *Id.* ¶ 2.  And plaintiff's failure to sue within the time set by 28 U.S.C. §§ 2401 and 2501 "deprives the court of jurisdiction to entertain the action." *See, e.g., Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir.

1990) (§ 2401); *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed. Cir. 2006), *aff'd*, 552 U.S. 130 (2008) (§ 2501).

Thus, both of MPI's defenses are directed to KUCR's inventorship claims, and KUCR's motion to dismiss those defenses should be denied.

## IV.   CONCLUSION

For the reasons above, the Court should deny KUCR's motion to dismiss MPI's counterclaim and defenses.

Dated:  November 30, 2009                                Respectfully submitted,

Of Counsel:

| | |
|---|---|
| Robert D. Bajefsky (admitted *pro hac vice*) | /s/ Barbara C. Frankland |
| Thomas H. Jenkins (admitted *pro hac vice*) | Barbara C. Frankland, # 14198 |
| William L. Strauss (admitted *pro hac vice*) | Gunderson Sharp & Walke, LLP |
| Finnegan, Henderson, Farabow, | 5301 West 75th Street |
|    Garrett & Dunner, L.L.P. | Prairie Village, KS 66208 |
| 901 New York Avenue, N.W. | |
| Washington, D.C. 20001-4413 | Attorney for Intervenor-Defendant |
| (202) 408-4000 | Millennium Pharmaceuticals, Inc. |

Nicole L. M. Parsons (admitted *pro hac vice*)
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
(617) 452-1600

Attorneys for Intervenor-Defendant
Millennium Pharmaceuticals, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 30th day of November, 2009, the foregoing Millennium Pharmaceuticals, Inc.'s Opposition to Plaintiff's Motion to Dismiss Defendants' Patent-Ownership-Based Counterclaim and Affirmative Defenses was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

William P. Atkins
George M. Sirilla
Christopher K. Dorsey
Catherine S. Branch
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102
E-mail: william.atkins@pillsburylaw.com
E-mail: george.sirilla@pillsburylaw.com
E-mail: christopher.dorsey@pillsburylaw.com
E-mail: catherine.branch@pillsburylaw.com

Terrence J. Campbell
Catherine C. Theisen
Barber Emerson, L.C.
1211 Massachusetts St.
P.O. Box 667
Lawrence, KS 66044
E-mail: tcampbell@barberemerson.com
E-mail: ctheisen@barberemerson.com
Attorneys for The University of Kansas Center for Research, Inc.

Raymond N. Nimrod
David Eiseman
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
E-mail: raynimrod@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com
Attorneys for Centocor Ortho Biotech Products, L.P.

Jason M. Hans
William D. Beil
Rouse Hendricks German May PC
One Petticoat Lane
1010 Walnut St., Ste. 400
Kansas City, MO 64106
E-mail: jasonh@rhgm.com
E-mail: billb@rhgm.com
Attorneys for Centocor Ortho Biotech Products, L.P.

Kirby W. Lee
Commercial Litigation Branch
U.S. Department of Justice
Washington, D.C. 20530
E-mail: kirby.lee@usdoj.gov
Attorney for The United States of America


　　/s/ Barbara C. Frankland
For Millennium Pharmaceuticals, Inc.