IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNIVERSITY OF KANSAS ) <br> CENTER FOR RESEARCH, INC. ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> THE UNITED STATES OF AMERICA, ) <br>  represented by the DEPARTMENT OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> by and through its agents the NATIONAL ) <br> INSTITUTES OF HEALTH and the ) <br> NATIONAL CANCER INSTITUTE, ) <br>  ) <br> Defendant, ) <br>  ) <br> and ) <br>  ) <br> MILLENNIUM PHARMACEUTICALS, ) <br> INC. and CENTOCOR ORTHO ) <br> BIOTECH PRODUCTS, L.P., ) <br>  ) <br> Intervenor-Defendants. ) | No. 08-cv-02565 JAR/DJW <br><br> Judge Julie A. Robinson |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
PATENT-OWNERSHIP-BASED COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Defendant the United States of America ("the Government") submits the following memorandum and accompanying exhibits opposing plaintiff University of Kansas Center for Research, Inc.'s ("KUCR's") "Motion to Dismiss Defendants' Patent-Ownership-Based Counterclaim and Affirmative Defenses," Doc. 126.

**INTRODUCTION**

By its motion, KUCR seeks the extraordinary relief of precluding defendants from raising certain equitable affirmative defenses and counterclaims. Specific to the Government, KUCR

asks this Court to "dismiss" the Government's third affirmative defense and its fourth and fifth affirmative defenses to the extent they are based on patent ownership. (Doc. 127 at 9-10.)

KUCR's motion should be denied. Whether a plaintiff has an interest in the subject matter of a lawsuit is a threshold issue that goes to Article III justiciability, specifically standing and mootness.[1] Tellingly, KUCR alleges in its Complaint and First Amended Complaint that it has ownership rights to the allegedly inventive contributions of two University of Kansas ("University") scientists. Indeed, KUCR's entire stake in this litigation is based on obtaining ownership rights to the patents-in-suit. If KUCR succeeds in establishing the two University scientists as co-inventors, then KUCR asserts that it will gain ownership rights to the patents through a series of assignments.

Furthermore, if KUCR is barred from obtaining ownership rights in the patents-in-suit by equitable considerations such as laches, waiver, or estoppel, then KUCR similarly would lack a legally cognizable interest in the subject matter of the litigation and would have no stake in the outcome of the suit. Absent an interest in the patents, KUCR has no basis to pursue correction of the inventorship of the patents.

For the above reasons, the issue of ownership in the patents is highly relevant to the case and critical to KUCR's ability to seek correction of inventorship in federal court. KUCR's motion to "dismiss" the Government's defenses is without merit and should be denied.

---

[1] The Government expects to file a motion to dismiss for mootness shortly. The Government has refrained from filing its motion to dismiss because KUCR claimed that certain exhibits supporting the motion contained privileged matter. That claim has been resolved by the parties' stipulation, incorporated in the Court's Order, Doc. 146.

## **BACKGROUND**

In this suit, KUCR seeks to add two University of Kansas scientists, Dr. Valentino Stella and Ms. Wanda Waugh, as co-inventors to U.S. Patent Nos. 6,713,446 and 6,958,319. Those patents list Dr. Shanker Gupta, a government employee, as the sole inventor. Neither Dr. Stella nor Ms. Waugh is a party to this litigation. The University is not a party to the case, either.

In its Complaint and First Amended Complaint, KUCR asserts that "Dr. Stella and Ms. Waugh assigned their ownership rights in those inventive contributions to the University of Kansas, who in turn assigned those ownership rights to KUCR." (Doc. 1, ¶ 55; Doc. 15, ¶ 56.) On March 2, 2009, the Government filed its Answer, which included the following affirmative defenses:

> 3.  Plaintiff is barred and/or estopped from seeking relief for its claims because it failed to disclose to Defendant its alleged invention and/or inventive contribution in a timely manner pursuant to Federal Acquisition Regulation (48 C.F.R. Chapter 1) Clause No. 52.227-11, titled "Patent Rights," as incorporated by the 1997 Agreement.
>
> 4.  To the extent that Plaintiff seeks relief for any claim accruing more than six years before the filing of the Complaint, Plaintiff is precluded from any such recovery, as set forth in 28 U.S.C. §§ 2401 and 2501.
>
> 5.  Any claims that Plaintiff may have or have had are barred by equitable considerations, such as laches, waiver, and/or estoppel.

(Doc. 19 at 11.)

On November 6, 2009, KUCR moved to dismiss the Government's affirmative defenses under Fed. R. Civ. P. 12(c). (Doc. 127 at 2.) The Government files the instant response in opposition to KUCR's motion.

## ARGUMENT

**I.  KUCR's Motion Relies On The Wrong Subsection of Rule 12 of the Federal Rules of Civil Procedure**

KUCR incorrectly brings its motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. (Doc. 127 at 2, 9-10.) Without reciting or applying any legal standard relating to Rule 12, KUCR asserts that "lack of ownership is not a defense to KUCR's co-inventorship claims" and thus argues that "dismissal" of the Government's defenses under Rule 12(c) is appropriate. *Id*. at 9.

As an initial matter, KUCR applies the wrong portion of Rule 12. "A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). "The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to 'state a claim to relief that is plausible on its face.'" *Culp v. Sifers*, 550 F. Supp. 2d 1276, 1281 (D. Kan. 2008) (Lungstrum, J.) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Those legal standards are inapplicable to the relief that KUCR seeks in its motion.

The relevant portion of the rule is subsection (f) because KUCR appears to dispute the legal sufficiency of the Government's affirmative defenses. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "A defense is insufficient if, as a matter of law, it cannot succeed under any circumstances." *Resolution Trust Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1992) (Van Bebber, J.) (treating plaintiff's motion to dismiss defendants' affirmative defenses for lack of subject matter jurisdiction as a Rule 12(f) motion to strike).

A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1026 (D. Kan. 2006) (Vratil, J.) (citing *Nwakpuda v. Falley's, Inc.*, 14 F. Supp.2d 1213, 1215 (D. Kan. 1998) (O'Connor, J.)). Rule 12(f) motions "must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *U.S. v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987) (emphasis added). "A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy." *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284, 2007 WL 28245, at *1 (D. Kan. Jan. 3, 2007) (Vratil, J.) (emphasis added).

Here, KUCR cannot establish that patent ownership has "no possible relation" to its inventorship dispute. Moreover, KUCR fails to allege that the Government's defenses may cause it prejudice. For these reasons, KUCR has not demonstrated a right to the extraordinary relief it seeks.

**II.     Patent Ownership Is Relevant Because KUCR Alleges That It Has Ownership Rights to Satisfy Article III Standing to Sue for Correction of Inventorship**

The U.S. Court of Appeals for the Federal Circuit has stated that "a plaintiff seeking correction of inventorship under [35 U.S.C.] § 256 can pursue that claim in federal court only if the requirements for constitutional standing – namely injury, causation, and redressability – are satisfied." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2009). The Federal Circuit has explored the relationship between ownership and inventorship in its case law, explaining that the threshold issue of constitutional standing to challenge inventorship turns on whether the plaintiff has a financial interest in a patent, such as ownership rights.

For example, in *Jim Arnold Corp. v. Hydrotech Systems., Inc.*, 109 F.3d 1567, 1571-72 (Fed. Cir. 1997), a plaintiff had assigned away all his patent rights, yet later sued for patent infringement. Importantly, the plaintiff sought to rescind those assignments through concurrently-filed state law claims. The Federal Circuit held that the plaintiff lacked standing to pursue his infringement claims because he did not have an ownership interest in the patents-in-suit "absent judicial intervention to change the situation." *Id*. at 1572.

In *Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001), the Federal Circuit refined its precedent on standing in a patent inventorship dispute. In that case, the plaintiff, a graduate student, challenged the inventorship of certain patents owned by the University. *Id*. at 1353. Although the plaintiff was obligated to assign her patent rights to the University, she retained a contractual right to receive a share of any royalties generated by the University's licensing of the patents. That contractual right, the court determined, gave her a "concrete financial interest" in the patents that was sufficient to give her standing to sue for correction of inventorship. *Id*. at 1359.

Finally, in the recent case of *Larson*, the Federal Circuit considered a question of jurisdiction in which a plaintiff seeking correction of patent inventorship had previously assigned his rights to those patents to the defendants. The Federal Circuit held that the plaintiff's "only path to financial reward under § 256 . . . involves him first succeeding on his state-law claims and obtaining rescission of the patent assignments." 569 F.3d at 1326-27. The court reasoned that because his "ownership of the . . . patents [was] contingent in this manner, Larson has no <u>financial interest in the patents</u> sufficient for him to have standing to pursue a § 256 claim." *Id*. at 1327 (emphasis added). Relying on its precedent in both *Chou* and *Jim Arnold*,

the Federal Circuit stated that "Larson's financial stake in the patents is contingent on him obtaining relief that a federal court has no jurisdiction under [28 U.S.C.] § 1338 to provide." *Id*. The court concluded that "[b]ecause Larson lacks an <u>ownership interest</u>, and because being declared the sole inventor will not generate any other <u>direct financial rewards</u> as in *Chou*, Larson has <u>no constitutional standing</u> to sue for correction of inventorship in federal court." *Id*. (emphases added).

Here, KUCR itself placed ownership at issue in this litigation. In its Complaint and First Amended Complaint, KUCR alleged that Dr. Stella and Ms. Waugh have assigned to the University whatever ownership rights they may have in their allegedly inventive contributions; in turn, KUCR asserts, the University then assigned the rights to KUCR. (Doc. 1, ¶ 55; Doc. 15, ¶ 56.) KUCR appears to allege that its "injury" is based on its ownership rights in the alleged inventions created by Dr. Stella and Ms. Waugh. Thus, KUCR's interest in the correction of inventorship of the patents-in-suit is premised on its expectation of some ownership interest in the patents if it is successful in establishing Dr. Stella and Ms. Waugh as co-inventors.

It is inconsistent for KUCR to now argue that ownership is irrelevant when its own pleadings set forth its alleged interest in the subject matter of the litigation as its only basis for this Court's jurisdiction. Without that ownership interest, KUCR would not have a legally cognizable interest in the outcome of the suit. *See Larson*, 569 F.3d at 1327 (relating plaintiff's financial stake in the patents-in-suit to his standing to sue for correction of inventorship). KUCR cannot rely on ownership for its benefit to establish standing to bring suit and then later attempt to preclude the Government's defenses because they may relate to ownership.

### III. KUCR Omits Mention of the NIH Final Agency Determination and Misstates the Limits of the Court's Subject Matter Jurisdiction

KUCR contends that defendants ask this Court to determine whether the contracts between the University of Kansas and the National Cancer Institute "grant[] or den[y] KUCR ownership rights to the patents in suit." (Doc. 127 at 5.) KUCR's assertion is a misstatement of defendants' position, and KUCR further errs by failing to inform this Court that ownership of any interest Dr. Stella and Ms. Waugh may have has already been determined, in accordance with the Bayh-Dole Act.

KUCR states that "there is currently an agency proceeding involving a determination of KUCR's ownership interest in the patents in suit pursuant to [a] government contract." *Id.* This statement is inaccurate. The "agency proceeding" in question at the National Institutes of Health ("NIH") has concluded by issuance of a final agency determination. *See* Ex. A (Letter by NIH Contracting Officer Kristen Mistichelli to Mr. William Atkins and Mr. Christopher Dorsey, dated September 17, 2009).

The brief history of the agency proceeding is as follows: On July 29, 2009, the NIH Contracting Officer issued an initial decision on patent ownership that was adverse to the University of Kansas. Ex. C. The Contracting Officer's decision provided the University an opportunity to respond, and Mr. William Atkins, counsel for the University and for plaintiff KUCR, responded by letter on August 14, 2009. Ex. B. On September 17, 2009, the Contracting Officer issued a final decision which represents the agency's final determination and concluded the "proceeding" before the agency. Ex. A.

KUCR takes great care in its motion to avoid mention of this final agency determination, probably because that determination is fatal to KUCR's suit for correction of inventorship. In

the NIH's final determination, the Contracting Officer decided that the University of Kansas had forfeited rights to any invention created under its contracts with the National Cancer Institute. *Id*. at 4. The Contracting Officer found that the University and KUCR failed to satisfy a number of contractor's obligations under the contracts with the National Cancer Institute. Specifically, the University failed to disclose to the agency that it had created an invention under its government contracts; the University failed to elect title in a timely fashion; and the University failed to file a patent application on the alleged invention of Dr. Stella and Ms. Waugh. *Id*. at 3-4. For those reasons, the Contracting Officer concluded that the University forfeited the rights to any inventions allegedly created by Dr. Valentino Stella and Ms. Wanda Waugh under those contracts, which includes the asserted subject matter of the instant litigation. *Id*. at 4. Critically, the NIH's final determination states that the Government retains all ownership rights to any inventions created under the University's contracts with the National Cancer Institute. *Id*. at 1, 4.

To be clear, this Court lacks subject matter jurisdiction to review the agency's determination. Indeed, KUCR concedes that such review is beyond the subject matter jurisdiction of this Court. (Doc. 127 at 5 (citing 41 U.S.C. §§ 605(a), 607(d), 609).) Appeal of the agency's final determination, as embodied in a contracting officer's decision, is committed exclusively by statute to a board of contract appeals or the U.S. Court of Federal Claims. *See* 41 U.S.C. §§ 605(a), 607(d), 609.

However, the Court should take judicial notice of the Contracting Officer's final decision, and the Court should consider the legal consequences of the agency's determination. Simply because federal district courts lack subject matter jurisdiction to review or overturn the

agency's decision does not mean that the Court must turn a blind eye to that decision or its effects, as KUCR implies in its motion. Even though contract rights are not within this Court's subject matter jurisdiction, they are nevertheless material to ascertaining whether the District Court has jurisdiction over a live case or controversy.

As explained above, the Federal Circuit's decision in *Larson* provides that a plaintiff's disputed ownership rights, contingent upon his success before another tribunal, are insufficient to give him standing to sue for correction of inventorship. Citing the "similar issue in *Jim Arnold*," the *Larson* court reasoned that "[j]ust as Larson would lack standing to sue for infringement unless and until he regains title to the patents, so, too, he has no non-contingent interest in the patents on which to support his standing to correct inventorship under § 256." *Id*. at 1327; *see also supra*, Section II.

KUCR has not and cannot reasonably contend that the agency's decision is not final or does not carry weight. *See* 41 U.S.C. § 605(b) (providing that "[t]he contracting officer's decision on the claim shall be <u>final and conclusive</u>" (emphasis added)). Unless and until KUCR successfully challenges the agency's determination in the proper forum, it lacks the necessary standing to proceed before this Court. The Contracting Officer's decision divests the University and KUCR of any ownership interest in the alleged inventions of Dr. Stella and Ms. Waugh and ultimately of the patents-in-suit. Although KUCR may disagree with the determination and although KUCR may choose to appeal it to the proper forum, that does not diminish the legal force and practical effect of the NIH's determination.

**IV.     The Government's Equitable Defenses Should Not Be Dismissed**

Finally, KUCR asks the Court to "dismiss" the Government's affirmative defenses to the extent they relate to patent ownership. KUCR asserts that because "[o]wnership rights in the patents in suit have no bearing on inventorship," Doc. 127 at 9, any equitable defenses that may relate to ownership must be stricken from this case. Its position is illogical and lacks support.

Notably, KUCR cites no authority in its motion for the specific proposition that statute of limitations or equitable defenses such as laches, waiver, and estoppel are inapplicable to defeat a claim of inventorship. Indeed, it cannot find support because those defenses clearly are available in inventorship disputes.

For example, the chronology of events relating to KUCR's claim demonstrates that laches bars KUCR from seeking a correction of inventorship. KUCR delayed for more than ten years in filing its Complaint after the time of Dr. Stella and Ms. Waugh's alleged inventive contributions. In its now-withdrawn motion for partial summary judgment, KUCR alleged that the events underlying Dr. Stella's alleged inventive contributions largely took place in 1997 and in any event no later than 1998. (Doc. 23 at 6-8.) KUCR filed its complaint <u>over ten years later</u> in November 2008. Because KUCR delayed unreasonably in filing its Complaint more than ten years after the allegedly inventive acts, the doctrine of laches bars KUCR's claim of relief. *See, e.g.*, *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1358 (Fed. Cir. 2008) (stating that "[l]aches is an equitable defense that may bar an inventorship claim"); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed.Cir.1992) (en banc) (holding that "[t]he application of the defense of laches is committed to the sound discretion of the district court").

Similarly, the facts support the application of equitable estoppel to bar KUCR from seeking correction of inventorship. As noted above, KUCR delayed unreasonably and inexcusably in filing suit. Further, the Government has suffered prejudice because of KUCR's delay. And KUCR or related persons or entities (Dr. Stella and the University of Kansas) made affirmative representations that no inventions were created under the contracts with the National Cancer Institute. The Government relied upon such representations to its detriment, as the present lawsuit unsettles the Government's contract with Millennium Pharmaceuticals, Inc., ("MPI") and casts a cloud of uncertainty on the Government's title to the patents. *See, e.g.*, *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1571 (Fed. Cir. 1989) (deciding that equitable estoppel precludes a claim of co-ownership and inventorship and holding that its "consideration of the doctrine of equitable estoppel as a defense to a claim of co-inventorship is guided by what we have said in the infringement context"). The detriment to the Government and MPI is exemplified by KUCR's recent attempt to obstruct their prosecution of European patent applications. (Doc. 28-3.)

Finally, the defense of the applicable statute of limitations is established by the statute itself and is clearly applicable here. *See, e.g.*, 28 U.S.C. § 2501 (titled "Time for commencing action against United States" and providing that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"). Moreover, statutes of limitations are applicable in the context of the government contracts upon which KUCR's claims are based. *See, e.g.*, 41 U.S.C. § 605 (providing that "[e]ach claim by a contractor against the government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim").

Accordingly, the Government should be permitted to raise equitable defenses that relate to patent ownership and other equitable considerations.

## CONCLUSION

Patent ownership is a threshold issue that KUCR must establish in order to demonstrate Article III justiciability, including standing and mootness. Critically, KUCR pled ownership rights in its Complaint and First Amended Complaint, and it now takes the inconsistent position that the Government cannot contest KUCR's ownership as a defense. The Government should be permitted to pursue the full range of its affirmative defenses, including equitable considerations, and challenge the allegations in KUCR's Complaint. For the above reasons, the Government respectfully requests that the Court deny KUCR's "Motion to Dismiss Defendants' Patent-Ownership-Based Counterclaim and Affirmative Defenses."

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN J. FARGO
Director

  s/ Kirby W. Lee

Of Counsel:
GARY L. HAUSKEN
Assistant Director

KIRBY W. LEE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0335

November 30, 2009

Facsimile: (202) 307-0345

Attorneys for Defendant the United States

*Defendant's Memororandum of Points and Authorities in Opposition to Plaintiff's Motion to Dismiss Defendants' Patent-Ownership-Based Counterclaim and Affirmative Defenses*
University of Kansas Center for Research, Inc. v. United States
Case No. 08-cv-02565 JAR/DJW

## CERTIFICATE OF SERVICE

I certify that on November 30, 2009, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Catherine S. Branch<br>catherine.branch@pillsburylaw.com | Barbara C. Frankland<br>bfrankland@midwest-law.com |
| Catherine C. Theisen<br>ctheisen@barberemerson.com | Jason M. Hans<br>jasonh@rhgm.com |
| Christopher K. Dorsey<br>christopher.dorsey@pillsburylaw.com | Thomas H. Jenkins<br>thomas.jenkins@finnegan.com |
| George M. Sirilla<br>george.sirilla@pillsburylaw.com | William L. Strauss<br>william.strauss@finnegan.com |
| Terrence J. Campbell<br>tcampbell@barberemerson.com | Nicole L. M. Parsons<br>nicole.parsons@finnegan.com |
| William P. Atkins<br>william.atkins@pillsburylaw.com | Melissa J. Baily<br>melissabaily@quinnemanuel.com |
| Robert D. Bajefsky<br>robert.bajefsky@finnegan.com | David Eiseman<br>davideiseman@quinnemanuel.com |
| William D. Beil<br>bilb@rhgm.com | Raymond N. Nimrod<br>raynimrod@quinnemanuel.com |

I further certify that there are <u>no</u> non-CM/ECF participants who require first-class mail service of the foregoing document and notice of electronic filing.

                                                    /s  Kirby W. Lee
                                                    KIRBY W. LEE
                                                    Attorney
                                                    Commercial Litigation Branch
                                                    Civil Division
                                                    Department of Justice
                                                    Washington, DC  20530
                                                    Telephone:     (202) 307-0335
                                                    Facsimile:      (202) 307-0345
                                                    E-mail:          kirby.lee@usdoj.gov