IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNIVERSITY OF KANSAS CENTER FOR RESEARCH, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA represented by the DEPARTMENT OF HEALTH AND HUMAN SERVICES, by and through its agents the NATIONAL INSTITUTES OF HEALTH and the NATIONAL CANCER INSTITUTE<br><br>Defendant,<br><br>and<br><br>MILLENNIUM PHARMACEUTICALS, INC. and CENTOCOR ORTHO BIOTECH PRODUCTS, L.P.,<br><br>Intervenor-Defendants. | Civil Action No. 08-CV-2565 JAR/DJW<br><br>Judge Julie A. Robinson |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER FORBIDDING DISCOVERY INTO THE DEFENDANTS' ALLEGATIONS THAT PLAINTIFF LACKS OWNERSHIP RIGHTS IN THE PATENTS-IN-SUIT**

The University of Kansas Center for Research, Inc.'s ("KUCR's") Motion for a Protective Order Forbidding Discovery into the Defendants' Allegations That KUCR Lacks Ownership Rights in the Patents in Suit ("KUCR's Motion for a Protective Order"; Document ["Doc."] 128) is predicated on KUCR's Motion to Dismiss Defendants' Patent-Ownership-Based Counterclaim and Affirmative Defenses ("KUCR's Motion to Dismiss"; Doc. 126). KUCR presumes that the Court will grant that motion and argues, therefore, that the patent ownership

issues "are not 'relevant'" and discovery into those issues would subject KUCR to "undue burden or expense." (*See* Doc. 128 at 2.)

KUCR's arguments lack any foundation. KUCR claims that the Court should protect it from discovery of facts that will support defendants' counterclaim and affirmative defenses because KUCR contends that defendants' counterclaim and affirmative defenses should be dismissed. According to KUCR, *any* discovery as to ownership of the patents-in-suit constitutes an "undue" burden because the issue is "irrelevant." (Doc. 129 at 3.) Thus, the success of KUCR's Motion for a Protective Order is premised on the success of its Motion to Dismiss. But as defendants have demonstrated in response to KUCR's Motion to Dismiss, their counterclaim and affirmative defenses are within the jurisdiction of this Court and relevant to this action. And since patent ownership issues are relevant and properly before the Court, the discovery necessary to allow defendants to address the ownership issue is not an "undue burden or expense." KUCR's Motion for a Protective Order should therefore be denied.

Moreover, KUCR has not demonstrated that it is entitled to the relief it requests. When seeking protection from discovery due to "undue burden" the moving party "must make 'a particular and specific demonstration of fact' in support of its request and may not rely upon 'stereotyped and conclusory statements.'" *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 536-37 (D. Kan. 2003) (Waxse, Mag. J.) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). "This typically means that the party seeking a protective order based on undue burden or expense must submit affidavits or other detailed explanation as to the nature and extent of the claimed burden or expense." *Id.* (citing *White v. Wirtz*, 402 F.2d 145, 148 (10th Cir. 1968) and *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257 (D. Kan. 1996) (Rushfelt, Mag. J.)). Here, KUCR

has made no such showing nor has it proffered any appropriate support. Its motion should be denied for that reason, too.

KUCR's Motion for a Protective Order also should be denied because, as described in defendants' oppositions to KUCR's Motion to Dismiss, KUCR's standing to bring its claims for change of inventorship is predicated on its having ownership rights in the patents in suit. "[A] plaintiff seeking correction of inventorship under § 256 can pursue that claim in federal court only if the requirements for constitutional standing—namely injury, causation, and redressability—are satisfied." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2009). And in the absence of ownership rights, KUCR "has no financial interest in the patents sufficient . . . to have standing to pursue a § 256 claim." *Id.* at 1327. Moreover, to the extent the alleged co-inventors may have their own interest in the patents-in-suit, that interest does not confer standing on KUCR. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984) for "the general prohibition on a litigant's raising another person's rights").

KUCR has the burden of proving that it has a continuing interest in the litigation (no pleading or affirmative defense is required of the defendants), and defendants are entitled to discovery to rebut any evidence that KUCR may offer on that issue. In particular, defendants are entitled to discovery on KUCR's alleged ownership rights in the patents. Indeed, the Tenth Circuit has held that when jurisdictional facts are in dispute, "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).

Thus, for the foregoing reasons, KUCR's Motion for a Protective Order Forbidding Discovery into the Defendants' Allegations That KUCR Lacks Ownership Rights in the Patents in Suit should be denied.

Dated: November 30, 2009

Of Counsel:

Robert D. Bajefsky (admitted *pro hac vice*)
Thomas H. Jenkins (admitted *pro hac vice*)
William L. Strauss (admitted *pro hac vice*)
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Nicole L. M. Parsons (admitted *pro hac vice*)
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
(617) 452-1600

Attorneys for Intervenor-Defendant
Millennium Pharmaceuticals, Inc.

Respectfully submitted,

/s/ Barbara C. Frankland
Barbara C. Frankland, # 14198
Gunderson Sharp & Walke, LLP
5301 West 75th Street
Prairie Village, KS  66208

Attorney for Intervenor-Defendant
Millennium Pharmaceuticals, Inc.

DATED: November 30, 2009             ROUSE HENDRICKS GERMAN MAY PC

                                        By   /s/ Jason M. Hans
                                              William D. Beil      KS #18072
                                              Jason M. Hans      KS #18881
                                              One Petticoat Lane Building
                                              1010 Walnut Street, Suite 400
                                              Kansas City, Missouri 64106
                                              Tele:   816-471-7700
                                              Fax:    816-471-2221
                                              Email:  billb@rhgm.com
                                                                   jasonh@rhgm.com

                                     Raymond N. Nimrod (admitted pro hac vice)
                                     Quinn Emanuel Urquhart Oliver
                                         & Hedges, LLP
                                     51 Madison Avenue, 22nd Floor
                                     New York, New York 10010
                                     (212) 849-7000

                                     David Eiseman (admitted pro hac vice)
                                     Melissa J. Baily (admitted pro hac vice)
                                     Quinn Emanuel Urquhart Oliver
                                       & Hedges, LLP
                                     50 California Street, 22nd Floor
                                     San Francisco, California 94111
                                     (415) 875-6336

                                     *Attorneys for Centocor Ortho Biotech Products, L.P.*

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN FARGO
Director

/s/ Kirby W. Lee

KIRBY W. LEE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Telephone:  (202) 307-0335
Facsimile:   (202) 307-0345

Of Counsel:
GARY L. HAUSKEN
Assistant Director

November 30, 2009

Attorneys for Defendant the United States

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of November, 2009, the foregoing Defendants' Memorandum in Opposition to Plaintiff's Motion for a Protective Order Forbidding Discovery into the Defendants' Allegations that Plaintiff Lacks Ownership Rights in the Patents-in-Suit was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

William P. Atkins
George M. Sirilla
Christopher K. Dorsey
Catherine S. Branch
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102
E-mail:  william.atkins@pillsburylaw.com
E-mail:  george.sirilla@pillsburylaw.com
E-mail:  christopher.dorsey@pillsburylaw.com
E-mail:  catherine.branch@pillsburylaw.com

Terrence J. Campbell
Catherine C. Theisen
Barber Emerson, L.C.
1211 Massachusetts St.
P.O. Box 667
Lawrence, KS 66044
E-mail:  tcampbell@barberemerson.com
E-mail:  ctheisen@barberemerson.com
Attorneys for The University of Kansas Center for Research, Inc.

  /s/ Barbara C. Frankland
For Millennium Pharmaceuticals, Inc.