**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNIVERSITY OF KANSAS CENTER FOR RESEARCH, INC.** )<br>)<br>) | **Civil Action No. 08-CV-2565 JAR/DJW** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Judge Julie A. Robinson** |
| ) | |
| **THE UNITED STATES OF AMERICA** represented by the **DEPARTMENT OF HEALTH AND HUMAN SERVICES**, by and through its agents the **NATIONAL INSTITUTES OF HEALTH** and the **NATIONAL CANCER INSTITUTE** )<br>)<br>)<br>)<br>)<br>)<br>) | |
| **Defendant,** ) | |
| and ) | |
| **MILLENNIUM PHARMACEUTICALS, INC.** and **CENTOCOR ORTHO BIOTECH PRODUCTS, L.P.,** )<br>)<br>) | |
| **Intervenor-Defendants.** ) | |

**CENTOCOR ORTHO BIOTECH PRODUCTS, L.P.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AFFIRMATIVE DEFENSES**

# TABLE OF CONTENTS

**Page**

NATURE OF THE MATTER BEFORE THE COURT ..............................................................1

STATEMENT OF BACKGROUND FACTS ...........................................................................2

QUESTION PRESENTED ........................................................................................................3

ARGUMENT .............................................................................................................................3

I.    THE RELEVANT STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(F). ...................................................................................................3

II.   KUCR CANNOT SHOW THAT THE AFFIRMATIVE DEFENSES AT ISSUE HAVE "NO POSSIBLE RELATION" TO THIS CONTROVERSY. .................................4

    A.    KUCR Brought Its Claims for the Sole Purpose of Obtaining Ownership Rights in the Patents at Issue. .....................................................................................5

    B.    Whether KUCR Has Ownership Rights in the Patents at Issue Is Related to the Viability of KUCR's Inventorship Claims. ..........................................................5

    C.    KUCR Is Precluded from Obtaining Ownership Rights in the Patents at Issue Because Its Correction of Inventorship Claims Are Barred by the Applicable Statute of Limitations and Certain Equitable Considerations. ..............7

III.  KUCR DOES NOT AND CANNOT CONTEND THAT IT IS SOMEHOW PREJUDICED BY COBI'S ASSERTION OF THE AFFIRMATIVE DEFENSES AT ISSUE. ......................................................................................................................8

CONCLUSION ..........................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## Cases

*Boles v. Dansdill*,
  No. 05-cv-01661-PSF-CBS, 2007 WL 2770473 (D. Colo. Sept. 20, 2007) ............................. 3

*Colo. Milling & Elevator Co. v. Howbert*,
  57 F.2d 769 (10th Cir. 1932) ............................................................................................. 4

*Geer v. Cox*,
  242 F. Supp. 2d 1009 (D. Kan. 2003) ................................................................................ 4

*Hark'n Techs., Ltd v. Greater Performance, Inc.*,
  No. 1:06CV77DAK, 2007 WL 2007579 (D. Utah July 6, 2007) ....................................... 8

*Larson v. Correct Craft, Inc.*,
  569 F.3d 1319 (Fed. Cir. 2009) .......................................................................................... 6

*MCV, Inc. v. King-Seeley Thermos Co.*,
  870 F.2d 1568 (Fed. Cir. 1989) .......................................................................................... 8

*McHenry v. Utah Valley Hosp.*,
  927 F.2d 1125 (10th Cir. 1991) ......................................................................................... 3

*Nwakpuda v. Falley's, Inc.*,
  14 F. Supp. 2d 1213 (D. Kan. 1998)) ................................................................................. 4

*Resolution Trust Corp. v. Schonacher*,
  844 F. Supp. 689 (D. Kan. 1994) ....................................................................................... 4

*Saratoga Harness Racing, Inc. v. Veneglia*,
  No. 94-CV-1400, 1997 WL 135946 (N.D.N.Y. Mar. 18, 1997) ........................................ 3

*Serdarevic v. Advanced Med. Optics, Inc.*,
  532 F.3d 1352 (Fed. Cir. 2008) .......................................................................................... 8

*Spannaus v. U.S. Dep't of Justice*,
  824 F.2d 52 (D.C. Cir. 1987) ............................................................................................. 8

*Summum v. Callaghan*,
  130 F.3d 906 (10th Cir. 1997) ........................................................................................... 3

*U.S. Parole Comm'n v. Geraghty*,
  445 U.S. 388 (1980) ........................................................................................................... 6

*USCOC of Neb./Kan., LLC v. Kan. Corp. Comm'n*,
  No. 07-2527-JAR, 2008 WL 269528 (D. Kan. Jan. 29, 2008) ........................................... 4

*Urabazo v. United States*,
  947 F.2d 955 (table), 1991 WL 213406 (10th Cir. 1991) ................................................... 8

*Westar Energy, Inc. v. Lake*,
   No. 05-4116-JAR, 2007 WL 977556 (D. Kan. Mar. 30, 2007) ...............................................3

*Wilhelm v. TLC Lawn Care, Inc.*,
   No. 07-2465-KHV, 2008 WL 474265 (D. Kan. Feb. 19, 2008).........................................4, 9

*Youell v. Grimes*,
   No. 00-2207-JWL, 2001 WL 121955 (D. Kan. Feb. 8, 2001)..................................................4

### **Statutes**

28 U.S.C. § 2401.............................................................................................................................2

28 U.S.C. § 2401(a) .......................................................................................................................2

28 U.S.C. § 2501.............................................................................................................................2

FED. R. CIV. P. 12(c) ......................................................................................................................3

FED. R. CIV. P. 12(f).......................................................................................................................3

### **Other Authorities**

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380,
   at 650 (2d ed. 1990) ..............................................................................................................4

**NATURE OF THE MATTER BEFORE THE COURT**

In its Motion, KUCR contends that two of COBI's affirmative defenses should be "dismissed" because (1) those defenses assert that KUCR is "precluded from obtaining ownership rights" in the patents at issue and (2) "ownership rights have no bearing on inventorship." (Doc. No. 127, at 9.) KUCR's position is nonsensical.

This case is, in fact, <u>entirely</u> about KUCR's attempt to obtain ownership rights in the two patents at issue. KUCR is not before this Court asking to be named as an inventor on those patents. KUCR is asking that two individuals—who are not parties to this suit—be named as inventors *so that KUCR can obtain an ownership interest in the patents*. Indeed, if KUCR did not claim to have any rights in the patents, it would be a wholly uninterested party with no stake in this litigation and no standing to bring its claims. Thus, whether KUCR is precluded from asserting that it is entitled to an ownership interest in the patents is a threshold issue crucial to the determination of the viability of KUCR's claims.

For example, if KUCR forfeited any right to assert title to the patents by failing to comply with the Bayh-Dole Act, then KUCR has no interest in the patents at issue, and its claims with respect to those patents must be dismissed.[1] Similarly, if discovery confirms that KUCR unreasonably delayed asserting its ownership rights in the patents, then KUCR's assertion of such rights here would be barred by laches, KUCR would have no stake in any dispute regarding the inventorship of the patents, and KUCR's claims would have to be dismissed. Likewise, if discovery confirms that KUCR affirmatively represented that it had no ownership interest in the

---

[1] Defendant the United States will soon be bringing a motion to dismiss on this basis. (Doc. No. 154, at 2 n.1.)

patents at issue before it brought the claims in this case, KUCR's assertion of such an interest here would be barred by equitable estoppel, and KUCR's claims would have to be dismissed.

COBI's affirmative defenses are thus central to outcome-determinative issues in this case. KUCR's Motion To Dismiss those defenses should be denied.

## STATEMENT OF BACKGROUND FACTS

In this lawsuit, Plaintiff the University of Kansas Center for Research, Inc. ("KUCR") seeks to have two third-party scientists—Dr. Valentino Stella and Ms. Wanda Waugh—added as co-inventors to U.S. Patent Nos. 6,713,446 an 6,958,319. In its Complaint and First Amended Complaint, KUCR alleges that, if it were to succeed on its claims for correction of inventorship, it would become a co-owner of the patents-in-suit. (Doc. No. 1 at ¶ 55; Doc. No. 15 at ¶ 56.)

On September 17, 2009, Centocor Ortho Biotech Products, L.P. ("COBI") answered the First Amended Complaint. In its Answer, COBI stated several affirmative defenses, including the following two defenses involving the applicable statute of limitations and certain equitable considerations:

> 3.      Regardless of any requested change in inventorship, KUCR is precluded from obtaining ownership rights that accrued more than six years before the filing of the Complaint under 28 U.S.C. § 2401 and 2501.[2]
>
> 4.      Regardless of any requested change in inventorship, KUCR's is barred from obtaining ownership rights by equitable considerations, including laches, waiver, and estoppel.

---

[2]  28 U.S.C. § 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Section 2501 provides a similar six year statute of limitations for claims filed in the Court of Federal Claims.

(Doc. No. 95 at 9.) On November 6, 2009, KUCR moved "to dismiss" these affirmative defenses on the ground that the defenses do not relate to KUCR's claims. (Doc. No. 127.) KUCR's Motion is without merit.

## QUESTION PRESENTED

Should two of COBI's affirmative defenses be stricken as a matter of law where they relate to a threshold issue that is crucial to a determination of the viability of KUCR's claims?

## ARGUMENT

**I. THE RELEVANT STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(F).**

In its Motion, KUCR contends that two of COBI's affirmative defenses should be "dismissed" as a matter of law. (*E.g.*, Doc. No. 127, at 9.) Such a challenge to the legal sufficiency of an affirmative defense is properly brought pursuant to Federal Rule of Civil Procedure 12(f), not Rule 12(c).[3] FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense . . . ."); *Westar Energy, Inc. v. Lake*, No. 05-4116-JAR, 2007 WL 977556, at *5 (D. Kan. Mar. 30, 2007) (Robinson, J.) (construing a Rule 12(c) motion to dismiss an affirmative defense as "a motion to strike pursuant to Rule 12(f)"); *Saratoga Harness Racing, Inc. v. Veneglia*, No. 94-CV-1400, 1997 WL 135946, at *3 (N.D.N.Y. Mar. 18, 1997); *Boles v. Dansdill,* No. 05-cv-01661-PSF-CBS, 2007 WL 2770473, at *22 (D. Colo. Sept. 20, 2007).

---

[3] A motion to dismiss an affirmative defense pursuant to Federal Rule of Evidence 12(c) may be granted only where it appears that a defendant can prove no set of facts to support the defense. *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991). The dismissal of a defense is a "harsh remedy which must be cautiously studied." *Summum v. Callaghan*, 130 F.3d 906, 913 (10th Cir. 1997). For the same reasons described below (*infra* Part II), KUCR's Motion To Dismiss must be denied under the Rule 12(c) standard as well as the Rule 12(f) standard.

Under Rule 12(f), a "defense is insufficient if, as a matter of law, it cannot succeed under any circumstances." *Resolution Trust Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994). Rule 12(f) motions to strike are strongly disfavored and rarely granted. *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) ("A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy."); *Youell v. Grimes*, No. 00-2207-JWL, 2001 WL 121955, at *1 (D. Kan. Feb. 8, 2001) (noting that motions to strike "are disfavored and are generally denied"); *cf. Colo. Milling & Elevator Co. v. Howbert,* 57 F.2d 769, 771 (10th Cir. 1932) ("[T]he court should proceed with extreme caution in striking a pleading."). Such motions are denied unless the allegations or defenses at issue have "no possible relation to the controversy and may cause prejudice to one of the parties." *USCOC of Neb./Kan., LLC v. Kan. Corp. Comm'n*, No. 07-2527-JAR, 2008 WL 269528, at *2 (D. Kan. Jan. 29, 2008) (Robinson, J.) (quoting *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998)); *Geer v. Cox*, 242 F. Supp. 2d 1009, 1026 (D. Kan. 2003) (Robinson, J.).

## II. KUCR CANNOT SHOW THAT THE AFFIRMATIVE DEFENSES AT ISSUE HAVE "NO POSSIBLE RELATION" TO THIS CONTROVERSY.

In order to succeed on its Motion, KUCR must show—among other things—that COBI's affirmative defenses are "'so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense.'" *Youell*, 2001 WL 121955, at *1 (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380, at 650 (2d ed. 1990)). That is, KUCR must demonstrate that the question of whether KUCR has an ownership interest in the patents at issue is "so unrelated" to KUCR's inventorship claims "as to be unworthy of any consideration." *Id.* KUCR cannot meet this burden.

A. <u>KUCR Brought Its Claims for the Sole Purpose of Obtaining Ownership Rights in the Patents at Issue.</u>

KUCR is not claiming that it is a co-inventor of the inventions described in the patents at issue in this case. It is asserting that two individuals, who are not parties here, are the purported co-inventors. KUCR would have no legally cognizable interest in whether those non-party individuals are co-inventors unless KUCR had some stake in the patents. KUCR has asserted that its stake is a purported ownership interest in those patents.

KUCR alleges in its Complaint and Amended Complaint that it has ownership rights in the patents by assignment. (Doc. No. 1, at ¶ 55; Doc. No. 15, at ¶ 56.) And KUCR requested that the European Patent Office stay proceedings regarding a patent application that contains claims similar to those in the patents at issue here on the basis that: (1) in this litigation, KUCR "seeks a judgment that KUCR is a co-owner of the invention which is the subject of U.S. patents 6,713,446 and 6,958,319" and (2) "success in [the Kansas] action will entitle [KUCR] to be named as co-proprietor of any patent to be granted on European Patent Application 02 709 145.3." (Doc. No. 28-3.)

KUCR must have some reason to be a party to this dispute—it cannot be a non-interested entity asserting the purported rights of non-party individuals with respect to inventorship. KUCR's alleged reason for bringing its claims is that it has ownership rights in the patents at issue. This alone shows that the issue of ownership is not "so unrelated" to KUCR's inventorship claims "as to be unworthy of any consideration." KUCR's request to strike COBI's affirmative defenses should thus be denied.

B. <u>Whether KUCR Has Ownership Rights in the Patents at Issue Is Related to the Viability of KUCR's Inventorship Claims.</u>

Because KUCR has alleged that it has a stake in this case as a result of its purported ownership rights in the patents at issue, whether KUCR is "precluded from obtaining ownership

rights" in those patents (Doc. No. 95, Affirmative Defense Nos. 3, 4) is directly related to the viability of KUCR's claims. If KUCR is barred from obtaining ownership rights even if it succeeded on its claims, KUCR cannot pursue correction of inventorship.

"A plaintiff seeking correction of inventorship under § 256 can pursue that claim in federal court only if the requirements for constitutional standing—namely injury, causation, and redressability—are satisfied." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2009). These requirements are satisfied only if a plaintiff has a "financial interest in the patents." *Id.* at 1327. Moreover, a plaintiff's financial interest in the patents must be maintained throughout the litigation; otherwise, the claim for correction of inventorship must be dismissed as moot. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).

Thus, this Court cannot, as KUCR contends (Doc. No. 127, at 5, 9-10), simply ignore the issue of ownership and proceed with a determination of inventorship. *Larson*, 569 F.3d at 1327. To the contrary, this Court must determine (1) whether KUCR had a stake in this litigation (in the form of an ownership interest in the patents) when it brought its claims and (2) whether KUCR continues to maintain an ownership interest in the patents during the pendency of its claims <u>before</u> deciding the inventorship issue. *Id.*

For example, if discovery confirms that—as COBI contends in its affirmative defenses—KUCR unreasonably delayed asserting its ownership rights in the patents, KUCR's assertion of ownership rights here is barred by laches. And if KUCR is barred by laches from asserting any rights in the patents, KUCR has no stake in any dispute regarding the inventorship of the patents, and its claims must be dismissed.

Likewise, if discovery confirms that—as COBI alleges in its affirmative defenses—KUCR indicated that it had no interest in the patents at issue before bringing its claims in this

case, KUCR's current assertion of an ownership interest in the patents is barred by equitable estoppel. And again, KUCR's claims must be dismissed on the ground that KUCR has no stake in this litigation.

Indeed, one issue related to KUCR's purported ownership interest in the patents is already ripe for this Court's review. As will be addressed in the Government's forthcoming motion to dismiss, KUCR forfeited any right to assert title in the patents by failing to comply with the Bayh-Dole Act. Because KUCR can no longer assert any ownership interest in the patents at issue, its claims with respect to those patents must be dismissed as moot.

COBI's affirmative defenses are thus central to outcome-determinative issues in this case. KUCR's Motion To Dismiss those defenses should be denied.

### C. KUCR Is Precluded from Obtaining Ownership Rights in the Patents at Issue Because Its Correction of Inventorship Claims Are Barred by the Applicable Statute of Limitations and Certain Equitable Considerations.

Finally, even if KUCR has a potential ownership interest in the patents sufficient for it to bring and maintain its claims for correction of inventorship (which it does not), KUCR would be precluded from obtaining ownership rights in the patents because KUCR's claims are barred by the affirmative defenses at issue here. That is, KUCR's claims for correction of inventorship are barred by the applicable statute of limitations as well as by equitable considerations such as laches, waiver, and estoppel.

For example, discovery will confirm that KUCR unreasonably delayed filing its claims by over ten years from the time that Dr. Stella's and Ms. Waugh's purported inventive acts took place. Discovery will also confirm that, after KUCR contends that Dr. Stella and Ms. Waugh engaged in allegedly inventive activities, KUCR represented that no inventions had been made by Dr. Stella or Ms. Waugh. Accordingly, COBI's affirmative defenses will succeed should this case move forward.

KUCR cannot and does not argue that such affirmative defenses are not available in the context of a correction of inventorship claim. *E.g.*, *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1358 (Fed. Cir. 2008) ("Laches is an equitable defense that may bar an inventorship claim."); *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1571 (Fed. Cir. 1989) ("[W]e agree with the district court that MCV's co-inventorship claim is barred by estoppel; accordingly we do not reach the merits of the inventorship issues."); *Urabazo v. United States*, 947 F.2d 955 (table), 1991 WL 213406, at *1 (10th Cir. 1991) (quoting *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987)) (strictly construing statute of limitations applied to claims brought against the government). Moreover, KUCR cannot and does not contend that COBI's affirmative defenses were insufficiently plead or that KUCR is unaware of the bases for those defenses, which were described in detail in response to KUCR's First Set of Interrogatories. *Hark'n Techs., Ltd v. Greater Performance, Inc.*, No. 1:06CV77DAK, 2007 WL 2007579, at *1 (D. Utah July 6, 2007) ("The court concludes that the affirmative defenses are sufficiently pleaded. The notice requirements are minimal and further information can be obtained through discovery.").

In sum, there is no reason to strike COBI's affirmative defenses. KUCR brought its claims in this action on the basis of its assertion of ownership rights in the patents at issue. Whether that basis is a viable one is a question that is central to this dispute. Moreover, the affirmative defenses at issue apply not only to the threshold ownership issue but also to the inventorship claims themselves. For all of these reasons, KUCR's Motion should be denied.

### III. KUCR DOES NOT AND CANNOT CONTEND THAT IT IS SOMEHOW PREJUDICED BY COBI'S ASSERTION OF THE AFFIRMATIVE DEFENSES AT ISSUE.

In order to succeed on its Motion, KUCR must show not only that the affirmative defenses at issue are wholly unrelated to the parties' dispute but also that the assertion of COBI's

9

affirmative defenses prejudices KUCR. *Wilhelm*, 2008 WL 474265, at *2 ("Initially, the Court notes that plaintiffs have not argued that they may be prejudiced by the mere assertion of any affirmative defense which defendant asserts. For this reason alone, plaintiffs' motion to strike is without merit."). KUCR does not even attempt to make such a showing in its Motion. Indeed, it is difficult to imagine how the assertion of COBI's affirmative defenses could prejudice KUCR, as discovery related to ownership and inventorship will be significantly intertwined should this case move forward. KUCR's failure to make a showing of prejudice is fatal to its Motion, and that Motion should be denied. *Id.*

## CONCLUSION

For the foregoing reasons, KUCR's Motion To Dismiss COBI's affirmative defenses should be denied.

DATED:  November 30, 2009  Respectfully submitted,

ROUSE HENDRICKS GERMAN MAY PC


By /s/ Jason M. Hans
   William D. Beil       KS #18072
   Jason M. Hans      KS #18881
   One Petticoat Lane Building
   1010 Walnut Street, Suite 400
   Kansas City, Missouri 64106
   Tele:   816-471-7700
   Fax:    816-471-2221
   Email:  billb@rhgm.com
             jasonh@rhgm.com

Raymond N. Nimrod (admitted pro hac vice)
Quinn Emanuel Urquhart Oliver
  & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

David Eiseman (admitted pro hac vice)
Melissa J. Baily (admitted pro hac vice)
Quinn Emanuel Urquhart Oliver
  & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6336

*Attorneys for Centocor Ortho Biotech Products, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 30th day of November 2009, a copy of this document was filed electronically with the above-captioned court with notice of electronic filing generated and sent electronically by the electronic case filing system to all counsel of record receiving electronic notification and a paper copy of this document was served by U.S. mail, postage prepaid, to any counsel of record not receiving notice of electronic filing at the address listed for such counsel in the notice of electronic filing.

                                                     /s/ Jason M. Hans
                                                      Jason M. Hans
                                    Attorney for Centocor Ortho Biotech Products, L.P.