DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNIVERSITY OF KANSAS**
**CENTER FOR RESEARCH, INC.,**

        **Plaintiff,**　　　　　　　　　Civil Action

v.　　　　　　　　　　　　　　　　No. 08-2565-JAR-DJW

**THE UNITED STATES OF AMERICA,**
**represented by the DEPARTMENT OF**
**HEALTH AND HUMAN SERVICES,**
**by and through its agents the NATIONAL**
**INSTITUTES OF HEALTH and the**
**NATIONAL CANCER INSTITUTE,**

        **Defendant,**

    **and**

**MILLENNIUM PHARMACEUTICALS,**
**INC., et al.**

        **Intervenor-Defendants.**

## MEMORANDUM AND ORDER

This case arises under United States patent laws and concerns the correction of inventorship of two patents. Pending before the Court is Defendants' Motion for Leave to File Under Seal Exhibits A, B, and C to Declaration of David C. Currie (doc. 161).

Defendants have filed a memorandum (doc. 159) in response to Plaintiff's Motion for Protective Order (doc. 131). In a separate pleading (doc. 160), they have filed the affidavit of David C. Currie in support of their opposition memorandum. In the present motion, Defendants seek leave to file under seal three exhibits to Mr. Currie's affidavit.

In support of their motion to seal, Defendants state as follows: "Plaintiff's counsel has asserted that these exhibits contain confidential information and has requested that these exhibits be filed under seal. Accordingly, Plaintiff does not oppose this motion for leave to file under seal."[1] Defendants provide no other support for their motion.

Any motion to seal "must establish that [the] interests which favor non-disclosure outweigh the public interest in access to court documents."[2] It is well settled that federal courts recognize a common-law right of access to judicial records.[3] This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[4] This public right of access, however, is not absolute.[5] Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[6] In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests

---

[1] Defs.' Motion for Leave to File Under Seal (doc. 161) at 2.

[2] *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (citations omitted).

[3] *Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

[4] *Crystal Grower's Corp.*, 616 F.2d at 461.

[5] *Worford*, 2004 WL 316073, at *1 (citing *Stapp*, 1998 WL 229538, at *1).

[6] *Id.* (citing *Stapp*, 1998 WL 229538, at *1).

in sealing the record or a portion thereof.[7] Consequently, documents may be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[8]

In keeping with "the paramount right of public access," this Court requires a party moving for permission to file a particular document under seal to demonstrate a public or private harm that is sufficient to justify the sealing of the document.[9] The fact that the parties have agreed that a document should be filed under seal is not sufficient; the party seeking to file a document under seal must establish a harm sufficient to overcome the public's right of access to judicial records.[10]

In this case, Defendants have failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access. As noted above, the only support for Defendants' request is that (1) Plaintiff asserts that "these exhibits contain confidential information," and (2) Plaintiff has asked Defendants to file them under seal.[11] Clearly, this does not form a sufficient basis for the Court to seal the documents.

In light of the above, the Court will deny Defendants' motion to file the exhibits under seal. The Court's denial is, however, *without prejudice* to Defendants re-filing a motion that meets the standards set forth above.

---

[7]*Id.* (citing *Stapp,* 1998 WL 229538, at *1 (citations omitted)).

[8]*Id*. (citing *Stapp*, 1998 WL 229538, at *1).

[9]*See MGP Ingredients, Inc. v. Mars, Inc*., No. 06-2318-JWL-DJW, 2007 WL 710126, at *1 (D. Kan. Mar. 5, 2007); *Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL-DJW, 2005 WL 375665, at*1 (D. Kan. Feb. 16, 2005; *Holland v. GMAC Mortg. Corp*, No. 03-2666-CM, 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004); *Worford*, 2004 WL 316073 at *1.

[10]*Holland,* 2004 WL 1534179 at *2; *Worford*, 2004 WL 316073 at *1.

[11]Defs.' Motion for Leave to File Under Seal (doc. 161) at 2.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to File Under Seal Exhibits A, B, and C to Declaration of David C. Currie (doc. 161) is denied without prejudice.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 7th day of December 2009.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties